IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs October 2, 2017

## THERESA AILEEN BLOUNT v. HOWARD PAUL BLOUNT, III

**Appeal from the General Sessions Court for Roane County**
**No. 4322A     Dennis W. Humphrey, Judge**

———————————————————

**No. E2017-00243-COA-R3-CV**

———————————————————

This case involves a post-divorce petition seeking military retirement benefits not allocated at the time of the divorce. The trial court awarded Theresa Aileen Blount (Wife) the requested benefits over the objection of her former spouse, Howard Paul Blount, III (Husband). The trial court also awarded Wife attorney's fees in the amount of $6,000. Husband appeals. Wife raises her own issues. She seeks additional attorney's fees; an award of travel expenses; and a remand to the trial court for the purpose of calculating Wife's entitlement in accordance with the "retained jurisdiction method." We affirm the trial court's order granting benefits. We remand the case to the trial court for the purpose of (1) determining the appropriate valuation method for calculating Wife's benefits and (2) thereafter describing each party's respective legal interest in Husband's military pension.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and BRANDON O. GIBSON, JJ., joined.

Joe R. Judkins, Oak Ridge, Tennessee, for the appellant, Howard Paul Blount, III.

Lisa Collins Werner, Knoxville, Tennessee, for the appellee, Theresa Aileen Blount.

## OPINION

### I.

The material facts of this case are undisputed. The parties were married in 1985.

At that time, Husband was in the military. He continued serving in the military until 1997. Shortly thereafter, Wife filed for divorce. On April 19, 2002, the parties entered into a "Stipulated Judgment of Divorce Reserving All Other Issues." Although the parties eventually agreed to a permanent parenting plan, their attempts to resolve various property disputes through mediation were unsuccessful. In 2004, the parties appeared before a special master to resolve eight specific issues. After hearing the evidence and considering the parties' arguments, the master orally addressed each of those issues. That oral ruling was incorporated by reference in the "Report of the Special Master." On February 18, 2005, the trial court entered an "Order of Confirmation," which substantially adopted the findings and recommendations of the master.

Following the trial court's order of confirmation, both parties filed petitions for contempt. Eventually, Husband and Wife were able to resolve these issues through mediation and on June 13, 2007, the trial court entered an "Agreed Order Resolving Contempt Petitions." In that order, the court stated that the parties "have agreed to a compromise of all issues now pending in this cause."

In 2015, Wife filed a "Petition for Payment of Military Benefits." In response, Husband filed a Rule 12.02(6) motion to dismiss, asserting the affirmative defenses of (1) res judicata; (2) laches; (3) estoppel; and (4) waiver. After asking the parties to submit briefs, the trial court issued its "Findings of Fact and Conclusions of Law," in which the court denied Husband's motion to dismiss and granted Wife the requested benefits. Later, however, the trial court set aside those findings "because the only issue before the Court at the time that the Court made the findings and recommendations was [Husband's] Motion to Dismiss on the pleadings . . . ." Consequently, the court issued a separate order denying Husband's motion to dismiss on the pleadings and set a date to conduct a hearing on the merits of the case.

At the hearing, Wife relied upon the evidence in the record (primarily her brief filed in opposition to Husband's motion to dismiss) to prove her entitlement to the military retirement benefits. Husband also rested his case without offering any additional proof. Ultimately, the trial court granted Wife her "marital share" of Husband's military pension as well as $6,000 in attorney's fees. The court refused Wife her travel expenses. Husband appeals.

## II.

In this appeal, the parties ask us to address the following issues:

Whether the trial court erred in denying Husband's motion to dismiss.

Whether the trial court erred in granting Wife a portion of

Husband's military retirement benefits.

Whether the trial court erred by failing to specify a method of calculating Wife's entitled benefits.

Whether the trial court erred in awarding Wife partial attorney's fees and no travel expenses.

## III.

Significantly, Husband states the following with respect to his motion to dismiss:

> The Defendant, before a hearing on the Plaintiff's Petition, moved to dismiss the pleading alleging, among other things, that the Plaintiff's Petition should be dismissed because of the defense of res judicata [¶ 1]; laches [¶ 2]; estoppel [¶ 3]; and waiver [¶ 4].

> The technical record in this case supports the Defendant's position on his motion to dismiss. A Petition filed 14 years after the awarding of a divorce and over ten years after findings and recommendations were approved by the Trial Court should be dismissed because the findings and recommendations show that the Plaintiff is guilty of laches; that all issues had been fully litigated; and that the Plaintiff had waived her claim to any military retirement benefits. [T.R., V. II, p. 96-201; T.R., V. III, p. 219-272].

> The post-divorce mediated agreement on the parties' competing contempt petitions, also supports the motion to dismiss because the order stated that the parties have "agreed to a compromise of all issues now pending in this cause." [T.R., V. III, p. 295-297]. There is nothing in the technical record that reflects any issues or claims were omitted at the special master proceeding [T.R., V. II, p. 96-201] or in the contempt proceeding which resulted in an order concluding the parties' competing contempt proceedings and resolving all issues [T.R., V. III, p. 295-297].

This is the entirety of Husband's argument with respect to the motion to dismiss.

We conclude that this portion of Husband's brief does not comply with Tenn. R. App. P. 27(a)(7)(A), which requires an appellant's brief to include:

> (7) *An argument* . . . setting forth:
>
> (A) the contentions of the appellant with respect to the issues presented, and *the reasons therefor*, including the reasons why the contentions require appellate relief, *with citations to the authorities* and *appropriate* references to the record (which may be quoted verbatim) relied on[.]

Tenn. R. App. P. 27(a)(7)(A) (emphasis added).

Here, Husband recites the four affirmative defenses raised in his motion to dismiss; however, he fails to make an "argument" by giving "reasons" that those defenses should prevail. Husband also fails to cite to a single legal authority in support of his position. For example, Husband cites no authority listing the elements necessary to establish res judicata, laches, estoppel, or waiver. Neither does he refer us to cases illustrating how those defenses are applied in particular circumstances. Instead, Husband merely asserts that "[t]he technical record in this case supports the Defendant's position on his motion to dismiss." That statement is followed by references to the trial court's orders and citations to 160 pages of the technical record. A blanket reference to such a vast portion of the technical record can hardly be considered "appropriate" within the meaning of Rule 27.

"It is not the function of the appellate court to research and construct the parties' arguments." *Newcomb v. Kohler Co.*, 222 S.W.3d 368, 400 (Tenn. Ct. App. 2006) (citing *United States v. Berkowitz*, 927 F.2d 955, 956 (7th Cir. 1991)). For this reason, we have repeatedly held that a party's failure to comply with Rule 27 can result in the waiver of certain issues on appeal. *E.g.*, *Murray v. Miracle*, 457 S.W.3d 399, 403 (Tenn. Ct. App. 2014) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." (quoting *Bean v. Bean*, 40 S.W.3d 52, 55-56 (Tenn. Ct. App. 2000))); *Newcomb*, 222 S.W.3d at 401 ("The failure of a party to cite to any authority or to construct an argument regarding his position on appeal constitutes waiver of that issue." (citations omitted)). Accordingly, we hold that Husband waived the issue of whether the trial court erred when it denied his motion to dismiss. As a result, the various affirmative defenses that Husband raised in his motion to dismiss are subsumed by the merits of this decision. We will not further discuss Husband's position with respect to his motion.

## IV.

The next issue before us is whether the trial court erred in granting Wife a portion of Husband's military retirement benefits. Once again, we are unable to reach the merits of this issue because of the defects in Husband's appellate brief.

Rule 7 of the Rules of the Court of Appeals of Tennessee states:

> (a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto.  This table shall list all property and debts considered by the trial court, including:  (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

> (b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

> (c) If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief, or in a reply brief if the issue was raised by opposing counsel after counsel filed his or her initial brief, a similar table containing counsel's version of the facts.

Tenn. Ct. App. R. 7.

A table that comprehensively lists the trial court's division of a divorced couple's assets is essential because the issue on appeal is "whether the *overall* property distribution was equitable" not "whether the division as to *particular assets* was equitable."  **Morton v. Morton**, 182 S.W.3d 821, 834 (Tenn. Ct. App. 2005) (emphasis added); *see also* **Kirby v. Kirby**, No. M2015-01408-COA-R3-CV, 2016 WL 4045035, at *6 (Tenn. Ct. App., filed July 25, 2016) (citing **Morton**, 182 S.W.3d at 834).  Thus, the award of military retirement benefits in this case is relevant only to the extent that it helps this Court determine whether the overall distribution of the parties' assets is equitable.  It is impossible for us to conduct that inquiry in the absence of the information that Rule 7 specifically requires the appellant to provide.  Moreover, "[t]his Court is under no duty to search a trial court record in order to discern the valuation of the couple's property."  **Kirby**, 2016 WL 4045035, at *7 (quoting **Slaughter v. Slaughter**, No. W2007-01488-COA-R3-CV, 2008 WL 1970491, at *2 (Tenn. Ct. App., filed May 8, 2008)).  For this reason, failure to comply with Rule 7 results in a waiver of "all such issues relating to the rule's requirements."  **Id.** (quoting **Slaughter**, 2008 WL 1970491, at *2).  Therefore, Husband has waived his ability to challenge the trial court's order granting Wife a portion

of his military pension.

## V.

Next, we consider whether the trial court erred by failing to specify a method of calculating Wife's entitled benefits.[1]  In *Cohen v. Cohen*, 937 S.W.2d 823 (Tenn. 1996), our Supreme Court provided guidance as to how trial judges should approach the valuation of retirement benefits when equitably distributing assets in a divorce case. First, the Court reiterated "[t]hree helpful observations" made by this Court in *Kendrick v. Kendrick*, 902 S.W.2d 918, 926-27 (Tenn. Ct. App. 1994):

> Only the portion of retirement benefits accrued during the marriage [is] marital property subject to equitable distribution.
>
> Retirement benefits accrued during the marriage are marital property subject to equitable division even though the non-employee spouse did not contribute to the increase in their value.
>
> The value of retirement benefits must be determined at a date as near as possible to the date of the divorce.

*Cohen*, 937 S.W.2d at 830 (numbering of paragraphs in original omitted).

The Court then discussed "the use of elastic, equitable approaches" to valuing future benefits, particularly the "present cash value method" and the "retained jurisdiction method." *Id.* at 831.  The Court described the present cash value method in the following way:

> The first approach, known as the present cash value method, requires the trial court to place a present value on the retirement benefit as of the date of the final decree.  To determine the present cash value, the anticipated number of months the employee spouse will collect the benefits (based on life expectancy) is multiplied by the current retirement benefit payable under the plan.  This gross benefit figure is then discounted to present value allowing for various factors such as mortality, interest, inflation, and any applicable taxes.

---

[1] Even though we have determined that Husband waived the substantive issues he raised in this appeal, "[d]ismissal of the original appeal shall not preclude issues raised by another party from being considered by an appellate court."  Tenn. R. App. P. 13(a).

Once the present cash value is calculated, the court may award the retirement benefits to the employee-spouse and offset that award by distributing to the other spouse some portion of the marital estate that is equivalent to the spouse's share of the retirement interest. The present cash value method is preferable if the employee-spouse's retirement benefits can be accurately valued, if retirement is likely to occur in the near future, and if the marital estate includes sufficient assets to offset the award.

*Id.*

In contrast, the retained jurisdiction method might be more appropriate when

the vesting or maturation is uncertain or [when] the retirement benefit is the parties' greatest or only economic asset . . . . Under such an approach, it is unnecessary to determine the present value of the retirement benefit. Rather, the court may determine the formula for dividing the monthly benefit at the time of the decree, but delay the actual distribution until the benefits become payable. The marital property interest is often expressed as a fraction or a percentage of the employee spouse's monthly benefit. The percentage may be derived by dividing the number of months of the marriage during which the benefits accrued by the total number of months during which the retirement benefits accumulate before being paid.

*Id.* (citations omitted).

In the present case, the trial court simply declared "[t]hat the Plaintiff, Theresa Blount, is awarded her marital share of the Defendant Howard Blount's military pension." However, the court failed to identify a particular method of calculating that "marital share."

Wife asks this Court to remand the case to the trial court with instructions to calculate her entitled benefits according to the retained jurisdiction method. According to Wife, "[t]he retained jurisdiction method is the only appropriate method here because the retirement benefits were not vested and therefore not yet payable." Further, Wife argues that this Court's decision in *Foster v. Foster*, No. M2016-01749-COA-R3-CV, 2017 WL 2992979 (Tenn. Ct. App., filed May 17, 2017) lends support to her position.

We decline to use this appeal as an opportunity to force a particular valuation method on the trial court. In *Foster*, this Court affirmed a trial court's decision to employ

the retained jurisdiction method; we did not, as a matter of first impression, decide which valuation method was most appropriate under the circumstances. *See **Foster***, 2017 WL 2992979, at *5. Here, the trial court has not expressed an opinion about the appropriate valuation method; therefore, ***Foster*** is not controlling in this case.

***Cohen*** is more factually analogous to the case at bar because the trial court had not yet addressed the issue of valuation. Our Supreme Court emphasized that "[t]he choice of valuation method remains within the sound discretion of the trial court to determine after consideration of all relevant factors and circumstances." 937 S.W.2d at 831. Because the trial court in ***Cohen*** had not yet calculated the value of the parties' legal interest in the retirement benefits, the Court remanded the case:

> Rather than choose the valuation method on this record, we remand to allow the parties to present additional evidence pertinent to the valuation of the account. After hearing the evidence, the trial court shall determine the appropriate valuation method and shall make appropriate orders distributing the portion of the parties' martial property. We note that this holding applies to this case and to those other cases in which the property rights arising out of the marriage have not yet been adjudicated by the trial court or in which the issue has been raised and review is pending in the appellate courts.

*Id.* at 832.

We conclude that ***Cohen*** is controlling in the present case. The trial court has determined that Wife has a legal interest in Husband's military pension, but the court has failed to specifically define the scope of that legal interest. Under ***Cohen***, we must remand the case to the trial court with instructions to hear evidence regarding the appropriate valuation method and to issue an order specifically describing each party's respective legal interest in the military pension.

## VI.

Finally, we consider whether the trial court erred in awarding Wife partial attorney's fees and no travel expenses.[2] Our standard of review of a trial court's award of attorney's fees is extremely deferential. As our Supreme Court stated in ***Wright ex. rel.***

---

[2] In the final pages of her appellate brief, Wife also asks this Court to award her attorney's fees incurred as a result of this appeal. However, because Wife did not list this request in her "statement of the issues" she has waived the issue. *See **Forbess v. Forbess***, 370 S.W.3d 347, 357 n.13 (Tenn. Ct. App. 2011) (citing ***Childress v. Union Realty Co.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002)). We therefore decline to address the matter.

*v. Wright*:

> [A] determination of attorney's fees is within the discretion of the trial court and will be upheld unless the trial court abuses its discretion. We presume that the trial court's discretionary decision is correct, and we consider the evidence in the light most favorable to the decision. The abuse of discretion standard does not allow the appellate court to substitute its judgment for that of the trial court, and we will find an abuse of discretion only if the court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." ***Konvalinka v. Chattanooga–Hamilton Cnty. Hosp. Auth.***, 249 S.W.3d 346, 358 (Tenn. 2008); *see also* ***Lee Med., Inc. v. Beecher***, 312 S.W.3d 515, 524 (Tenn. 2010).

337 S.W.3d 166, 176 (Tenn. 2011) (some internal citations omitted).

Our review of the record has revealed no evidence tending to suggest that the trial court "applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice" to Wife. *See id.* We therefore cannot say that the trial court abused its discretion in awarding Wife partial attorney's fees and in failing to award Wife travel expenses.

## VII.

The judgment of the trial court is affirmed. Costs on appeal are assessed to appellant, Howard Paul Blount, III. The case is remanded to the trial court, pursuant to applicable law, for further proceedings consistent with this opinion.

_____
CHARLES D. SUSANO, JR., JUDGE