IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 19, 2002 Session

## LORENZO CHILDRESS, JR., d/b/a SOUTHGATE MEDICAL GROUP v. UNION REALTY COMPANY, LTD., a Tennessee Limited Partnership, ET AL.

Direct Appeal from the Circuit Court for Shelby County
No. 37267 T.D.      George H. Brown, Jr., Judge

No. W2001-01742-COA-R3-CV - Filed June 27, 2002

Plaintiff lessee in this case sued Defendant landlord for damages associated with loss of personal property, interruption of business, and lost profits which resulted from the collapse of a roof and flooding of Plaintiff's leased medical offices.  The jury awarded Plaintiff $168,000.00 in damages. Defendant appeals, arguing that this is, in effect, a subrogation suit by Plaintiff's insurance carrier. We find no evidence that this is a subrogation suit and affirm judgment for Plaintiff.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY K. LILLARD, J., joined.

R. Douglas Hanson, Memphis, Tennessee, for the appellant, Union Realty Company, Ltd.

Bruce D. Brooke, Memphis, Tennessee, for the appellee, Lorenzo Childress, Jr., d/b/a Southgate Medical Group.

### OPINION

The basic facts in this case are undisputed.  In 1981, the plaintiff, Dr. Lorenzo Childress, ("Childress") signed an initial five-year lease with defendant Union Realty Company ("Union Realty") to rent space in the Southgate Shopping Center in Memphis for use as a medical clinic.[1] Childress occupied the space on September 10, 1982, and made approximately $57,000.00 worth

---

[1]The lease originally was entered into by Dr. Childress and his associate, Dr. Tommie Richardson.  Dr. Richardson subsequently left the clinic practice.  The second lease, at dispute in this case, was entered into by Dr. Childress only.

of improvements. He purchased over $135,000.00 worth of equipment and supplies for use in the clinic, which served 20 to 30 patients a day. Childress began to experience roof leaks at the clinic in October of 1982. The leaks became a frequent problem, and efforts by Union Realty to repair the roof were unsuccessful. Childress had to place garbage cans beneath the leaks to collect the water, causing considerable embarrassment and inconvenience.

Dr. Childress's first lease expired in September of 1986. After considering the feasibility of relocating the clinic, Childress entered into negotiations with Union Realty for a second lease. After several months of negotiations, the parties entered into a second lease. In light of the continuing problems with roof leaks, however, an additional provision was inserted into the lease. The following language was inserted into paragraph 21 of the lease:

> 21. LOSS OR DAMAGE TO LESSEE'S PROPERTY
> . . . .
>
> *Lessor will be responsible for any damages caused by roof leaks which recur more than four (4) days after Lessor has been given written notice of problem(s).

Paragraph 24 of both the first and second leases required Childress to carry public liability insurance on the property and to list Union Realty as a co-insured. It also required that Childress would hold Union Realty harmless from damage to property on the premises. However, paragraph 24 of the second lease excepted damages "due to the act of negligence of Lessor or its agents" from this hold harmless clause. Union Realty also added paragraph 48 to the second lease. Paragraph 48 is entitled "Waiver of Subrogation" and provides:

> Lessee waives and releases any claim or right of recovery against Lessor . . . for any loss resulting from causes covered by insurance, and shall procure a waiver of subrogation against Lessor on the part of its insurer by and endorsement to all insurance policies whereby the insurer recognizes that the insured has waived any right of recovery from Lessor . . . . A copy of such endorsement shall be deposited with Lessor.

The roof leaks became continually worse and Childress sent numerous complaints to Union Realty, giving notice of extensive damages, interruption of business and embarrassment. On January 19, 1988, Union Realty notified Childress by letter that a new roof would be constructed for the building. On February 1, 1988, however, the roof completely collapsed and the clinic was flooded with rainwater. The clinic and equipment was ruined and the office had to be closed. Patient records were destroyed and Dr. Childress was unable to salvage his practice. He eventually relocated outside of Tennessee.

Childress filed a complaint against Union Realty in January of 1991, alleging breach of contract when Union Realty refused to pay his water damage claim.[2]  Union Realty filed a counter complaint in November of 1992, alleging that Childress breached the same lease by failing to list Union Realty as an additional insured in the policy of insurance and by neglecting to obtain an endorsement of the waiver of subrogation.[3]  Union Realty moved for partial summary judgment on the issue of paragraph 24 of the contract on June 2, 1994.  This motion was denied and the case was tried before a jury in October of 1997.  The jury returned a verdict for Dr. Childress and awarded him $168,000.00 in damages.  Union Realty filed a motion for a new trial which was denied in March of 1998.  Union Realty appeals.[4]

### *Standard of Review*

This case was tried before a jury.  Findings of fact by a jury shall be set aside only if there is no material evidence to support the verdict.  Tenn. R. App. P. 13(d).  Upon review, this Court will not re-weigh the evidence, but will take the strongest view possible of the evidence in favor of the prevailing party, and discard evidence to the contrary.  *Smith County v. Eatherly*, 820 S.W.2d 366, 369 (Tenn Ct. App. 1991).  We will allow all reasonable inferences to uphold the jury's verdict, setting it aside only if there is no material evidence to support it.  *Id.*  This standard of review safeguards the constitutional right to a trial by jury.  *Miller v. Berry*, 457 S.W.2d 859, 862 (Tenn. Ct. App. 1970).  Our review of the trial court's conclusions of law in a jury trial, however, is *de novo* upon the record, with no presumption of correctness.  Tenn. R. App. P. 13(d); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 28 (Tenn. 1996).

### *Issues Presented on Appeal*

In its statement of the issues in its brief to this Court, Union Realty designates the following issues for our review:

> (1) Whether the court erred in not granting directed verdict and/or summary judgment and in charging the jury on damages associated with personal property, when the policy of insurance applicable to the property provided a waiver of subrogation clause as required by the lease agreement, and further the lease agreement provided that the Plaintiff had waived and released any claim or right of

---

[2]Childress initially also named Belz Investco. L.P., a General Partner; URCO, Inc., a General Partner, and Jack A. Belz and/or Belz Investco, L.P., d/b/a Belz Enterprises Property Manager as defendants. Belz Investco. L.P., a General Partner; URCO, Inc., a General Partner, and Jack A. Belz and/or Belz Investco, L.P., d/b/a Belz Enterprises Property Manager were dismissed pursuant to an oral motion for a directed verdict at the conclusion of proof.

[3]Union Realty also filed a third-party complaint naming Dynamit Noble of America, Inc., as a third party defendant. Dynamit Noble was granted a separate trial.

[4]On April 23, 2001, the trial court entered an amended final order satisfying Rule 54.02, and this appeal ensued.

recovery against the Defendant for any loss resulting from causes that were covered by insurance?

(2) Whether the court erred in not granting directed verdict and/or summary judgment and in charging the jury on damages associated with business interruption, when the policy of insurance applicable to the property provided a waiver of subrogation clause as required by the lease agreement, and further the lease agreement provided that the Plaintiff had waived and released any claim or right of recovery against the Defendant for any loss resulting from causes that were covered by insurance?

(3) Whether the court erred in not granting directed verdict and/or summary judgment and in charging the jury on damages associated with the profit/business income, when the policy of insurance applicable to the property provided a waiver of subrogation clause as required by the lease agreement, and further the lease agreement provided that the Plaintiff had waived and released any claim or right of recovery against the Defendant for any loss resulting from causes that were covered by insurance?

In the argument section of its brief, however, Union Realty contends that

[t]he crux of the case now before this court effectively involves an effort by an insurance company to seek subrogation against an entity that appears as a coinsured under its policy. . . . The crux of this appeal involves the interpretation and application of a subrogation waiver clause. . . . Union Realty (is) not liable to Childress for any losses that are covered by insurance.

We find Union Realty's argument to be untenable for several reasons. First, in its brief and at oral argument, Union Realty contends that this is effectively a subrogation suit. However, Union Realty cites to no evidence in the record to indicate that this is in fact a subrogation suit, and trial counsel stated that subrogation was not an issue. Union Realty agreed that the jury be instructed not to consider the issue of subrogation. Union Realty may not now assert that this is in fact a subrogation suit when it did not raise but specifically disaffirmed the issue in the court below.

Second, the alleged policy of insurance was not admitted into evidence and we therefore can not consider it here.[5] Moreover, the decision by the trial court not to admit the policy into evidence was not cited as error in Union Realty's motion for a new trial and is therefore not subject to review on appeal. Tenn. R. App. P. 3(e). Accordingly, issues predicated on the insurance policy cannot be considered by this Court.

---

[5]The insurance policy is included in the record as exhibit 17, but was introduced as for identification purposes only.

Third, although the trial court's denial of a motion for summary judgment based on finding of genuine issues of material fact can not be reviewed by this Court when there has been a subsequent judgment following a trial on the merits, *Hobson v. First State Bank*, 777 S.W.2d 24, 32 (Tenn. Ct. App. 1989), we note that Union Realty's motion for summary judgment was predicated not on an issue of material fact, but on the interpretation of the lease agreement. The interpretation of an unambiguous written contract generally is an issue of law. *Hibernia Bank and Trust Co. v. Boyd*, 48 S.W.2d 1084, 1086 (Tenn. 1931). However, when a contract is ambiguous, is subject to more than one interpretation, and requires parol evidence for its construction, it is not error for the trial court to submit interpretation to the jury.[6] *Id.*

At the conclusion of proof, Union Realty moved for a directed verdict regarding the issues of damages. This motion was denied. In order to preserve the denial of a motion for directed verdict for review on appeal, however, the motion must be renewed in a post-judgment motion. *Cortez v. Alutech, Inc.*, 941 S.W.2d 891, 894 (Tenn. Ct. App. 1996); Tenn. R. App. P. 3(e); *see also* Robert Banks, Jr. & June F. Entman, TENNESSEE CIVIL PROCEDURE §§ 12-1(a) - 12-1(d)(1999)(discussing Rules 50.01 and 50.02 of the Tennessee Rules of Civil Procedure). Our review of the record reveals no Tenn. R. Civ. P. 50.02 motion to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with the motion for a directed verdict. Additionally, the denial of a directed verdict was not cited as error in Union Realty's motion for a new trial. The alleged error of the trial court's denial of a directed verdict therefore is not reviewable on appeal.

Finally, the argument presented by Union Realty does not address the issues as presented in its statement of the issues, but is predicated upon the theory that this is a subrogation suit. As noted above, we find nothing in the record to indicate that this is in fact a subrogation suit, the issue was not raised below, and it was not designated as such in Union Realty's statement of the issues. We consider an issue waived where it is argued in the brief but not designated as an issue. *Stewart v. Richmond*, Shelby Law No. 50, 1987 Tenn. App. LEXIS 3123 (Tenn. Ct. App. Dec. 18, 1987) (*no perm. app. filed*). Similarly, when a party raises an issue in its brief, but fails to address it in the argument section of the brief, we consider the issue to be waived. *Oslin v. Oslin*, No. 03A01-9210-CV-00395, 1993 Tenn. App. LEXIS 135 (Tenn. Ct. App. Feb. 17, 1993) (*no perm. app. filed*).

In light of the foregoing, we affirm the judgment entered below. Costs of this appeal are taxed to the appellant, Union Realty Company, Ltd., and its surety, for which execution may issue if necessary.

                                        _____
                                        DAVID R. FARMER, JUDGE

---

[6]From the record before this Court, we are unable to determine what Union Realty presented to the trial court in support of its motion for summary judgment.