# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
August 4, 2004 Session

## WENDY KING (GRAHAM) v. TIMOTHY KING

**Direct Appeal from the Circuit Court for Warren County**
**No. 9859      Charles D. Haston, Judge**

_____

**No. M2002-01202-COA-R3-CV - Filed September 9, 2004**

_____

The trial court denied Mother's petition to change custody of the parties' minor children from Father to Mother.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Clark Lee Shaw, Nashville, Tennessee, for the appellant, Wendy King Graham.

Keith s. Smartt, McMinnville, Tennessee, for the appellee, Timothy King.

### MEMORANDUM OPINION[1]

Wendy King Graham ("Mother") and Timothy King ("Father") were divorced in 1999. After numerous hearings, the trial court awarded custody of the parties' four minor children to Father in January 2000, and Mother was awarded liberal visitation.  Mother appealed and this Court affirmed

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

the trial court's determination. *King v. King*, No. M2000-00424-COA-R3-CV, 2001 WL 1035175 (Tenn. Ct. App. Sept. 11, 2001)(hereinafter, "*King I*").[2]

Mother remarried and relocated to Texas. In April and May 2001, the trial court amended Mother's visitation to provide a three week visitation period at Mother's home in Texas. In June 2001, Mother failed to return the children to Father at the end of the three week period. Mother also filed a petition in Texas for a change in custody of the children from Father to Mother. On June 25, 2001, Father filed a petition for contempt in the trial court. On June 26, 2001, the trial court asserted continuing jurisdiction over the matter and ordered the children returned to Father.[3]

In July 2001, Mother petitioned the trial court to change custody of the children from Father to Mother. The trial court denied Mother's petition, appointed a guardian *ad litem* to represent the children, and ordered the parties and the children to undergo evaluation by a forensic psychologist or psychiatrist. In March 2002, after multiple hearings and after considering the testimony and documents submitted by several experts, the trial court denied Mother's petition. Mother again appeals to this Court.

### *Issues Presented*

Mother raises the following issues, as we slightly restate them, for review by this Court:

(1)     Whether trial court abused its discretion in failing to change custody from Father to Mother;

(2)     Whether trial court erred by awarding some discretionary costs to Father.

Additionally, Mother requests attorney's fees on appeal.

Father neglected to include a Statement of the Issues in his brief. We consider an issue waived where it is argued in the brief but not designated as an issue. *Childress v. Union Realty Co.*,

---

[2]The genesis of this custody battle is outlined in *King I* as follows:

> On December 15, 1998, the trial court granted temporary legal custody of the parties' four minor children to the Department of Children's Services with temporary physical custody to remain with Mother. On June 8, 1999, the parties were granted a divorce on the grounds of inappropriate marital conduct. On November 24, 1999, the court ordered that physical custody of the children be removed from Mother and be placed with the paternal grandparents, Cecil and Evelyn King. Finally, on January 28, 2000, the trial court awarded physical and legal custody to Father, and the court granted liberal visitation to Mother.

*King*, 2001 WL 1035175, at *1.

[3]The Texas court dismissed Mother's petition for lack of jurisdiction.

97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Accordingly, Father has waived issues not designated as such in his brief.

## *Standard of Review*

Our review of a trial court's conclusions on issues of law is *de novo*, with no presumption of correctness. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002). Our review of a trial court's finding on issues of fact is *de novo* upon the record, accompanied by a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Kendrick*, 90 S.W.3d at 569. Where the trial court makes no specific findings of fact on a matter, we must review the record to determine where the preponderance of the evidence lies and accord no presumption of correctness to the conclusion of the court below. *Kendrick*, 90 S.W.3d at 569.

## *Analysis*

A party petitioning for modification of a valid child custody order must demonstrate a material change of circumstances has occurred which makes a change in custody in the best interest of the children. *Cranston v. Combs*, 106 S.W.3d 641, 644 (Tenn. 2003). Thus, the court must utilize a two-part test in determining whether a change in custody is warranted. *Id.* First, it must determine whether a material change of circumstances has occurred that affects the children's well-being. *Id.* Second, if it finds a material change of circumstances, the court must utilize the factors enumerated in Tennessee Code Annotated § 36-6-106 to determine whether a change in custody is in the best interests of the children. *Id.*

In this case, it is clear from the record that both parties have engaged in alienating the children from the other parent. We do not find it necessary to reiterate the details of the underlying relationship between the parties which are contained in *King I*. Clearly, this is a case wherein the accusations are flying and the courts and, more importantly, these children, have become vehicles for continued, escalating hostilities. Upon review of the entire record, we find no material change of circumstance that warrants reconsideration of the trial court's custody award. The recommendation of one of the several experts in this case was that custody of the two older children remain with Father while custody of the two younger children be changed to Mother. The trial court addressed this recommendation as follows:

> Although well-intended and thoughtful testimony has emerged recommending that two of the four minors should be relocated with the mother, the [c]ourt, upon considered reflection, has concluded that what the minors need now most of all is each other.

We agree with the trial court. Mother simply has failed to carry her burden of demonstrating that the trial court erred in denying her petition to change custody. Further, we cannot say the trial court abused its discretion in its award of discretionary costs in this case.

### *Holding*

We affirm the judgment of the trial court in all respects.  In light of the foregoing, Mother's request for attorney's fees on appeal is denied.  Costs of this appeal are taxed to the Appellant, Wendy King Graham, and her surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE