IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-63,926-01 AND WR-63,926-02






EX PARTE GILMAR ALEXANDER GUEVARA








ON APPLICATIONS FOR WRIT OF HABEAS CORPUS IN CAUSE


NO. 847121-A IN THE 180TH JUDICIAL DISTRICT COURT OF


HARRIS COUNTY






 Per curiam. 



O R D E R



 These are post-conviction applications for a writ of habeas corpus filed pursuant to
the provisions of Texas Code of Criminal Procedure article 11.071.

 In May 2001, a jury convicted applicant of the offense of capital murder. The jury
answered the special issues submitted pursuant to Texas Code of Criminal Procedure Article
37.071, and the trial court, accordingly, set punishment at death. This Court affirmed
applicant's conviction and sentence on direct appeal. Guevara v. State, 97 S.W.3d 573 (Tex.
Crim. App. 2003). Applicant filed an initial application for a writ of habeas corpus
challenging the merits of his conviction and resulting sentence in the trial court on December
23, 2002, and the trial court forwarded that application to this Court on February 9, 2006. 
On January 12, 2006, applicant filed another application in the trial court and the trial court
forwarded that application as a subsequent writ to this Court on January 17, 2006. Because
the subsequent application was forwarded to this Court before the initial application, the
subsequent application is numbered -01 and the initial application is numbered -02. 

 Applicant presents twelve allegations in his initial application which challenges the
validity of his conviction and resulting sentence. Although an evidentiary hearing was not
held, the trial judge entered findings of fact and conclusions of law. The trial court
recommended that relief be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We decline to adopt findings Nos. 44 and 69 and conclusions Nos. 7, 13, and 27 because
either they are not supported by the record or they are contrary to the law. We adopt the trial
court's remaining findings of fact and conclusions of law. Based upon the trial court's
findings and our own review, the relief sought is denied.

 This Court has also reviewed the record with respect to the application which was
forwarded to this Court as a subsequent writ. On January 13, 2006, the trial court entered an
order finding that said application was filed after the time period specified under Texas Code
of Criminal Procedure, Article 11.071 §4(a) or 4(b). We agree with the trial court's
determination. Further, we find that the application fails to meet one of the exceptions
provided for in Section 5 of Article 11.071 and, thus, dismiss this subsequent application as
an abuse of the writ. See Ex parte Blue, S.W.3d , AP-75,254 (Tex.Crim.App. March
7, 2007).

 IT IS SO ORDERED THIS THE 23RD DAY OF MAY, 2007.


Do Not Publish