# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### April 20, 2010 Session

## DONALD PAUL CLAYTON v. ANDREA DAWN CLAYTON

**Direct Appeal from the Chancery Court for Chester County**
**No. 10487     James F. Butler, Chancellor**

---

**No. W2009-01393-COA-R3-CV - Filed May 18, 2010**

---

Husband appeals the trial court's award of transitional alimony, alimony in futuro, and alimony in solido to Wife. Finding no abuse of discretion, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed
and Remanded**

DAVID R. FARMER, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J.,
W.S. and HOLLY M. KIRBY, J., joined.

Carthel L. Smith, Jr., Lexington, Tennessee, for the appellant, Donald Paul Clayton.

Mary Jo Middlebrooks, Jackson, Tennessee, for the appellee, Andrea Dawn Clayton.

### MEMORANDUM OPINION[1]

The issues raised on appeal in this divorce action pertain to the trial court's award of alimony to Wife. Plaintiff/Appellant Donald Paul Clayton (Mr. Clayton) was born in 1960; Defendant/Appellee Andrea Dawn Clayton (Ms. Clayton) was born in 1963. The parties married when Ms. Clayton was in the tenth grade and have three adult children. Ms. Clayton obtained a GED in 1981 and is employed by the Chester County Board of Education as a

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

cafeteria worker. She is in good health and earns $15,859 per year from her regular employment. In 2008, she obtained work over the summer and earned $20,745. Mr. Clayton is a truck driver and has been employed by the same company since 1999. In 2008, he earned $54,087. The parties separated in August 2007, when Mr. Clayton left the marital home.

Mr. Clayton filed a complaint for divorce in the Chancery Court for Chester County in January 2008. In his complaint, he prayed for a divorce on the grounds of inappropriate marital conduct and for an equitable division of property. Ms. Clayton answered and counter-claimed in March 2008. Ms. Clayton denied that she was guilty of inappropriate marital conduct and prayed for a divorce on the grounds of inappropriate marital conduct and irreconcilable differences. She prayed for an equitable division of property, alimony, and attorney's fees. Following a hearing in March 2009, the trial court granted Ms. Clayton a divorce on the grounds of inappropriate marital conduct. The trial court awarded Ms. Clayton transitional alimony in the amount of $700 per month for 24 months, and alimony *in futuro* in the amount of $450 per month for the following 84 months or until death or remarriage. The trial court also awarded Ms. Clayton alimony *in solido* in the amount of $4,000 to pay for a portion of her attorney's fees, but denied her request that Mr. Clayton provide COBRA coverage. Final judgment in the matter was entered by the trial court on May 29, 2009, and Mr. Clayton filed a timely notice of appeal to this Court.

### *Issues Presented*

Mr. Clayton presents the following issues for our review:

(1)     Whether or not the trial court erred in awarding transitional alimony and alimony in solido in consideration of the factors set forth in T.C.A. § 36-5-121 I(1-12).

(2)     Was the amount of transitional alimony and alimony in solido excessive based on Appellant's ability to pay?

(3)     Under current law, and T.C.A. § 36-5-101(d), was the award of attorney fees proper to Appellee and did the trial court make any finding of a factual basis for the amount of attorney fees awarded.

(4)     Based on Appellant's lack of present financial resources, should the trial court have given Appellant additional time to pay Appellee's attorney fee.

*Discussion*

The trial court has wide latitude in making an award of alimony. *Owens v. Owens*, 241 S.W.3d 478, 490 (Tenn. Ct. App. 2007). An award of alimony depends on the circumstances of each case, and need of the recipient spouse and the obligor spouse's ability to pay are the primary considerations. *E.g., Burlew v. Burlew*, 40 S.W.3d 465, 472 (Tenn. 2001). When determining the type and amount of alimony to be awarded, the trial court must balance several statutory factors, including those enumerated in section 36-5-121 of the Tennessee Code. Although there is a preference for rehabilitative alimony, the type and amount of an alimony award remain largely within the discretion of the trial court. *Id.* at 470. This Court will not alter a trial court's award of alimony absent a finding of an abuse of discretion. *Id.*

We note that, although Mr. Clayton appears to argue that the trial court's award of transitional alimony to be followed by alimony *in futuro* is excessive, Mr. Clayton does not raise the trial court's award of alimony *in futuro* as an issue in his statement of the issues presented for review in his brief. We may consider an issue waived where it is argued in the brief but not designated as an issue in the appellant's statement of issues. *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Accordingly, we decline to address the trial court's award of alimony *in futuro* here.

We accordingly turn to the trial court's award of transitional alimony to Ms. Clayton. Transitional alimony may be "awarded when the court finds that rehabilitation is not necessary, but the economically disadvantaged spouse needs assistance to adjust to the economic consequences of divorce . . . ." Tennessee Code Annotated § 36-5-121(g)(1)(2005); *e.g., Schuerman v. Schuerman*, No. M2007-00173-COA-R3-CV, 2007 WL 3072770, at *3 (Tenn. Ct. App. Oct. 22, 2007). In this case, the trial court found that Ms. Clayton is employed as a cafeteria manager at Chester County Junior High School and earned $20,745 in 2008. The court also found that Mr. Clayton is employed as a delivery truck driver at Save-A-Lot Company and earned $54,086 in 2008. The court found that Save-A-Lot employs 48 drivers; that Mr. Clayton in nineteenth in seniority; and that, although Mr. Clayton's income declined from 2005 to 2008, Mr. Clayton's supervisor testified that he expected Mr. Clayton's 2009 income to be the same as his 2008 income. The trial court's final order in this case includes a detailed summary of its factual findings and a review of the relevant statutory factors the court considered when determining the type and amount of alimony to be awarded. Upon review of the record, we find no abuse of discretion in the trial court's award of transitional alimony to Ms. Clayton.

We next turn to the trial court's award of attorney's fees to Ms. Clayton in the amount of $4,000, which the trial court awarded as alimony *in solido*. The decision to award

attorney's fees as an award of alimony *in solido* lies within the discretion of the trial court, and we will not reverse the award absent an abuse of discretion. *E.g., Fickle v. Fickle*, 287 S.W.3d 723, 737 (Tenn. Ct. App. 2008). The record in this case contains an affidavit of Ms. Clayton's legal counsel stating that, as of March 18, 2009, Ms. Clayton had incurred fees in the amount of $7,960. In light of the totality of the record, we find no abuse of discretion in the trial court's award to Ms. Clayton of approximately one-half of her attorney's fees as alimony *in solido*.

We turn finally to Mr. Clayton's assertion that the trial court "should . . . have given" him additional time in which to pay the award of alimony *in solido*. Mr. Clayton does not refer us to anything in the record which would indicate that he moved the trial court for additional time within which to pay the award, and we find no motion upon review of the record. A "cardinal principle of appellate practice" is that an issue not raised in the trial court cannot be raised for the first time on appeal. *Waters v. Farr*, 291 S.W.3d 873, 918 (Tenn. 2009) (citations omitted). We accordingly decline to address this issue.

### *Holding*

In light of the foregoing, the judgment of the trial court is affirmed. Ms. Clayton requests attorney's fees on appeal. This request is granted and this matter is remanded to the trial court for a determination of reasonable attorney's fees on appeal. Costs of this appeal are taxed to the Appellant, Donald Paul Clayton, and to his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE