FILED

09/06/2019

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
June 5, 2019 Session

**JENNIFER DOE v. AUSTIN DAVIS**

**Appeal from the Circuit Court for Davidson County**
**No. 16C-505    Thomas W. Brothers, Judge**

_____

**No. M2018-02001-COA-R3-CV**

_____

ANDY D. BENNETT, J., dissenting.

Upon reading the majority opinion, both what is said and what is left unsaid, one may sum it up as follows:  Mr. Davis is at fault, he did not follow the rules, and he is getting what he deserves.  Mr. Davis may indeed deserve what the majority is giving him, but not in the way they do it.  I respectfully dissent.

The Tennessee Supreme Court has said that:

> "The right to a fair trial before an impartial tribunal is a fundamental constitutional right." *State v. Austin*, 87 S.W.3d 447, 470 (Tenn. 2002). Article VI, section 11 of the Tennessee Constitution provides, "No Judge of the Supreme or Inferior Courts shall preside on the trial of any cause in the event of which he may be interested...." This provision is intended "to guard against the prejudgment of the rights of litigants and to avoid situations in which the litigants might have cause to conclude that the court had reached a prejudged conclusion because of interest, partiality, or favor." *Austin*, 87 S.W.3d at 470. We have recognized that it is important to preserve the public's confidence in a neutral and impartial judiciary. *Bd. of Prof'l Responsibility v. Slavin*, 145 S.W.3d 538, 548 (Tenn. 2004).

*Bean v. Bailey*, 280 S.W.3d 798, 803 (Tenn. 2009).  In furtherance of this right, the Tennessee Supreme Court has established a Code of Conduct for Judges and a specific procedure for seeking the recusal of judges.  *See* TENN. SUP. CT. R. 10, 10B.

I believe Mr. Davis did not receive an impartial trial. The recitation of facts reveals two blatant, interrelated problems not raised by either party. First, there was a violation of Tennessee Supreme Court Rule 10B.  Mr. Davis filed a motion to recuse on

January 25, 2018.[1]  On February 2, 2018, the trial judge granted Ms. Doe's motion for sanctions in the form of attorney's fees.  However, Rule 10B, § 1.02, mandates that a judge cannot make further orders in the case while the Rule 10B motion is pending.  Entering the sanctions order tainted the judicial process.  Almost immediately thereafter, Mr. Davis filed another motion to recuse identical to the prior one and five days later, on February 7, 2018, the trial judge recused himself without explanation.[2]  The recusal allows us to infer a bias or conflict.[3]

The second problem occurred because, on September 24, 2018, the subsequent trial judge found that "the Court's previous award of attorney's fees has been an insufficient deterrent and that the Defendant has continued steadfast in a course of contumacious conduct."  The trial court then granted Ms. Doe a default judgment as to liability using the first judge's improper order as a basis for more extreme sanctions. This reliance on the first sanction order by the second trial judge compounded the taint created by the first judge. The jury determined damages only.

It may be said that we should not take up these matters because no party raised them. Indeed, there is ample authority for this proposition. *See Childress v. Union Realty Co., Ltd.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) (holding that an issue is waived if party fails either to argue the issue in his or her appellate brief but fails to designate it as an issue or to raise the issue but fails to address it in the argument section of his or her brief); *Parker v. Shelby Cnty. Gov't Civ. Serv. Merit Bd.*, 392 S.W.3d 603, 615 (Tenn. Ct. App. 2012) (stating that "[u]sually an issue not raised on appeal is considered waived by this Court"). However, Tenn. R. App. P. 36(b) provides some leeway: "When necessary to do substantial justice, an appellate court may consider an error that has affected the substantial rights of a party at any time, even though the error was not raised in the

---

[1] The extensive commentary in footnote 4 of the majority opinion is aimed squarely at this dissent.  In footnote 4, the majority speculates that "Judge Jones was likely unaware that the recusal motion was pending when the sanctions motion was heard." My main focus is the order issued one week later, not the January 26 hearing.  I would note, however, that the Court of Appeals cannot speculate away the express mandate of the Tennessee Supreme Court that "While the motion is pending, the judge whose disqualification is sought shall make no further orders and take no further action on the case, except for good cause stated in the order in which such action is taken." No leeway is given for the judge's lack of knowledge of the motion. No "good cause" language is found in the trial court's February 2, 2018 order.

[2] No explanation is required if the motion to recuse is granted.  TENN. SUP. CT. R. 10B, § 1.03 ("If the motion is denied, the judge shall state in writing the grounds upon which he or she denies the motion.").

[3] "[P]ublic officials in Tennessee are presumed to discharge their duties in good faith and in accordance with the law." *West v. Schofield*, 460 S.W.3d 113, 131 (Tenn. 2015).  Without a bias or conflict, the trial judge should not have recused himself. In *Rodgers v. Sallee*, No. E2013-02067-COA-R3-CV, 2015 WL 636740, at *5 (Tenn. Ct. App. Feb. 13, 2015), the court observed that "such decisions are not typically made absent some doubt by the judge that he or she can preside impartially in the proceeding or a belief that there would be a reasonable basis for questions regarding his or her impartiality or potential bias."

motion for a new trial or assigned as error on appeal." Additionally, Tenn. R. App. P. 13(b) expressly states that the appellate court "may in its discretion consider other issues in order, among other reasons: (1) to prevent needless litigation, (2) to prevent injury to the interests of the public, and (3) to prevent prejudice to the judicial process." *See also Bell v. Todd*, 206 S.W.3d 86, 90-91 (Tenn. Ct. App. 2005). I firmly believe that the tainted orders created by the undeniable violation of Rule 10B injure the judicial process if left uncorrected.[4]

Our courts have repeatedly maintained that "Public confidence in the performance and impartiality of the judiciary is maintained only when judges rigorously adhere to the Code of Conduct. Violations of the Code, if left unaddressed, diminish public confidence and injure the entire judicial system." *In re Bell*, 344 S.W.3d 304, 320 (Tenn. 2011) (quoting *In re Williams*, 987 S.W.2d 837, 844 (Tenn. 1998)). Specifically our Supreme Court has said, "[i]f the public is to maintain confidence in the judiciary, cases must be tried by unprejudiced and unbiased judges." *Davis v. Liberty Mut. Ins. Co.*, 38 S.W.3d 560, 564 (Tenn. 2001). The state's interest in preserving public confidence in the judiciary has even been described as "compelling." *Bd. of Prof'l Responsibility v. Parrish,* 556 S.W.3d 153, 166 (Tenn. 2018) (quoting *Disciplinary Counsel v. Gardner*, 793 N.E.2d 425, 432 (Ohio 2003)). Furthermore, "preservation of the public's confidence in judicial neutrality requires not only that the judge be impartial in fact, but also that the judge be perceived to be impartial." *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998).

To allow a recusal motion to be filed, followed by the trial court's grant of sanctions against the party seeking recusal, and then a grant of the recusal motion rightly invites a questioning of the impartiality of the trial and appellate courts. Thurgood Marshall once said, "We must never forget that the only real source of power that we as judges can tap is the respect of the people." THE QUOTABLE LAWYER 149-50 (David Shrager et al. eds., 1986). How can we keep the respect of the people if we ignore rules designed to ensure impartiality? Under the admittedly odd circumstances of this case, the integrity of our system requires appellate consideration of the issues related to the Rule 10B motion.

I do not undertake this dissent lightly. I am sympathetic to the trauma Ms. Doe has endured. But I see no other appropriate option. Because of the Rule 10B violation, I would vacate the trial court's February 2, 2018 order and, because the trial court relied on the February 2, 2018 order when deciding to grant Ms. Doe a default judgment on

---

[4] I readily acknowledge that Davis's motions to recuse had deficiencies. However, the first trial judge considered the motions and did, in fact, recuse himself. "[B]ecause the trial court found sufficient basis to withdraw from the case, it should not have entered substantive rulings on contested matters while the recusal motion was pending." *Carney v. Santander Consumer USA*, No. M2010-01401-COA-R3-CV, 2015 WL 3407256, *7 (Tenn. Ct. App. May 28, 2015) (describing *Rodgers v. Sallee*, 2015 WL 636740).

liability, I would also vacate the trial court's September 24, 2018 order and the October 3, 2018 order adopting the jury's damages awards.

_____
ANDY D. BENNETT, JUDGE