FILED

03/06/2024

Clerk of the
Appellate Courts

IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
November 1, 2023 Session

## CHAQUANA P. WILLIAMS v. DOLLAR GENERAL CORPORATIONS, LLC

**Appeal from the Circuit Court for Hamilton County**
**No. 22C849   Kyle E. Hedrick, Judge**

_____

**No. E2023-00702-COA-R3-CV**

_____

Appellant filed a premises liability claim against the defendant store after she fell at its entrance. The trial court granted the defendant summary judgment. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

C. Mark Warren, Chattanooga, Tennessee, for the appellant, Chaquana P. Williams.

Sean W. Martin and Courtney G. Harton, Chattanooga, Tennessee, for the appellee, Dollar General Corporations, LLC.

## MEMORADUM OPINION[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

The following facts are taken from the undisputed facts in the record. On January

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

15, 2022, Plaintiff/Appellant Chaquana P. Williams ("Appellant") visited a Dollar General Store in Chattanooga. The store is owned and operated by Defendant/Appellee Dollar General Corporations, LLC ("Appellee"). It was raining on January 15, 2022, prior to Appellant's visit to the store. Appellant knew that it was raining outside. A mat was placed at the entrance of the store, along with a wet floor sign. Appellant "entered the store, shuffled her feet across the mat, and fell." The store's general manager dry-mopped the area approximately seven minutes prior to Appellant's fall. Other store employees and another customer all walked past the mat at the store entrance in the two minutes prior to the fall.

On August 16, 2022, Appellant filed a complaint against Appellee in the Hamilton County Circuit Court ("the trial court"), asserting that she was injured due to a dangerous condition at Appellee's store. Appellant then filed an amended complaint on September 12, 2022. The amended complaint is the operative complaint for purposes of this appeal. This complaint alleged that Appellant fell "[a]fter she walked across a rain-soaked rug, [and] her foot slipped when she stepped on the floor[.]" Appellant further alleged that Appellee was negligent in failing to replace the rain-soaked rug with a dry rug. The fall caused her to break her hip, which resulted in over $100,000.00 in medical bills. Appellant sought total damages of $250,000.00.

Appellee filed an answer denying liability on September 27, 2022. In particular, Appellee argued, inter alia, that it did not have notice of the allegedly dangerous condition, that Appellant's own negligence caused her injuries, that it exercised all reasonable care required under the circumstances, and that no act or omission by Appellee was the proximate cause of Appellant's injuries.

On November 21, 2022, Appellee moved for summary judgment, arguing that Appellant "did not slip stepping off a 'rain-soaked' rug as alleged in her Complaint. Instead, [Appellant] failed to appreciate the wet floor sign placed at the entrance and tripped over her own feet while shuffling across the mat." Thus, Appellee argued that Appellant could not establish that there was a dangerous condition, that Appellee had notice of a dangerous condition, or that Appellee breached its duty of care.

Attached to the motion was a flash drive purporting to contain two videos: (1) an unedited surveillance video preserved from the day of the visit; and (2) a video containing "[e]xcerpts" of the surveillance video. Appellee also attached the affidavit of the store's assistant manager, Jasmine Clabough, that the floor mat was new, that she dry-mopped the floor approximately seven minutes before the incident, that she walked over the relevant area less than two minutes before the incident and did not observe water on the floor or that the mat was wet, and that no other customers fell near the store entrance after Appellant's fall. On the same day, Appellee filed a memorandum in support of its motion for summary judgment and a statement of undisputed material facts.

Appellant responded in opposition to Appellee's motion for summary judgment on February 22, 2023. Citing her own affidavit, Appellant alleged that she was wearing a pair of "slides" at the time of the incident and that her "left slide stepped on the edge of the mat. She felt her slide hydroplane which caused her to lose her balance." According to Appellant, she only noticed the wet floor sign as she was falling. Appellant also argued that it was "obvious" from the surveillance video that the mat at the store entrance was water-logged, as the video shows customers tracking water into the store.[2] Appellant further alleged that the mat had a "water dam border" and that Appellant's "slide stepped on the 'water dam' releasing the retained water." Finally, Appellant noted that Ms. Clabough admitted that a water-logged mat should be "replaced with a dry rug as needed." In support of her response, Appellant filed Appellee's interrogatory response concerning the floor mat, Appellant's affidavit, Ms. Clabough's deposition, a flash drive purporting to contain the full surveillance video, "screen shots" from the full surveillance footage, and information about the brand of floor mat utilized in the store. On the same day, Appellant responded to Appellee's statement of undisputed material facts. Appellant did not dispute any of Appellee's proffered facts, nor did she submit her own undisputed facts for purposes of summary judgment.

On February 27, 2023, Appellant filed a supplemental response to the motion for summary judgment. Therein, she clarified that her claim did not involve Appellant "slipp[ing] on the floor after stepping off of the mat," but instead alleged that "the mat itself cause her to slip because of it being water-logged." She therefore asserted that there was a genuine issue of material fact as to whether the mat should have been replaced in this case.

Appellee filed a supplemental brief in support of its motion for summary judgment on March 1, 2023. Therein, Appellee objected to the claim that Appellant's injury was caused by stepping on the mat, as her complaint had previously stated that she slipped when she stepped on the floor. Appellee argued, however, that Appellant's claim under this new theory should fail, citing (1) Ms. Clabough's testimony that the mat was not water-logged and did not need to be replaced;[3] and (2) surveillance footage of forty-seven other customers traversing the mat without incident. As Appellee explained:

---

[2] Appellant also cited the deposition testimony of Ms. Clabough that she could see customers tracking water into the store on the surveillance video prior to Appellant's fall.

[3] Ms. Clabough's deposition contains the following exchange:

> Q. So it's your testimony that the rug in the video should not have been replaced because it was waterlogged?
> A. No. I think it was in working condition.
> Q. And it was not waterlogged?
> A. No, it was not.

[Appellant] submitted no evidence that [Appellee's] mat was improperly maintained. [Appellant] submitted no evidence of any substance, other than a light rain, which caused the mat to be "waterlogged." [Appellant] submitted no evidence demonstrating how a light rain caused a mat capable of holding two and one-half gallons of water to become "waterlogged" and thereby create a dangerous condition. [Appellant] submitted no evidence as to the time that the mat became "waterlogged" (i.e. the time that the dangerous condition occurred). [Appellant's] "proof" that the mat was "waterlogged" amounts to pure speculation.

Appellee therefore asserted that it was entitled to summary judgment.

The trial court entered an order granting Appellee's motion for summary judgment on March 1, 2023. Therein, the trial court noted that Appellant's new theory of liability was not set forth in either her complaint or amended complaint. The trial court also explained that it viewed the six-minute excerpted version of the surveillance footage prepared by Appellee twice, as the longer version of the footage "could not be viewed by the Court due to some technical glitch (most likely this Court's technological incompetence). After the six-minute video played, the Court offered for [Appellant] to show any sections she desired. [Appellant] declined." After viewing this footage, the trial court concluded that "[t]he fall . . . clearly occurred on the mat. That is to say, [Appellant] lost her footing on the mat prior to her feet having an opportunity to slide on the floor." So the trial court framed the relevant question as what was Appellee required to do to exercise reasonable care with regard to the mat.

The trial court then noted that Appellant submitted no expert proof to show that the mat was defectively designed, manufactured, or used by Appellee, or even that it becomes slippery when saturated with water. Rather, the trial court noted that the manufacturer states that the rug can hold over 1.5 gallons of water. The trial court further noted that the surveillance video undisputedly shows forty-seven individuals using the mat without incident with "no splashing on the mat or any evidence to suggest that the mat was in any way compromised." The trial court concluded as follows: "There is no question of fact. The mat was new. The mat was appropriate for indoor use. There is no evidence the mat was too wet for use or that [Appellee] should have changed out the mat."

On March 24, 2023, Appellant filed a motion to amend the trial court's ruling pursuant to Rule 59.04 of the Tennessee Rules of Civil Procedure. Therein, Appellant asserted that the trial court erred in failing to consider the full surveillance video and instead considering, over Appellant's objection, only a six-minute excerpted video that was "never filed as evidence in support of [Appellee's] Motion for Summary Judgment." Appellant therefore refiled the full surveillance video in a playable format, as well as the affidavit of

- 4 -

an expert engineer who watched the video.[4] Appellant asserted that the trial court should consider this proof because she had no notice until the day of oral argument that the trial court had not watched the full surveillance video.

Appellee responded in opposition to Appellant's Rule 59.04 motion on April 14, 2023. Therein, Appellee asserted that the excerpted video was the first exhibit to Appellee's motion for summary judgment. Appellee further asserted that because Appellant declined the trial court's offer for Appellant to play additional parts of the video at the summary judgment hearing, she waived any objection to the trial court's decision to view only the condensed video. Appellee also argued that the trial court should not consider the newly obtained evidence because Appellant made no effort to obtain this evidence in initially responding to the motion for summary judgment and had not explained why this evidence was not available prior to the trial court's grant of summary judgment.

The trial court denied Appellant's motion to alter or amend by order of April 19, 2023, finding that Appellant failed to meet her burden to show she was entitled to Rule 59.04 relief. This appeal followed.

## II. ISSUES PRESENTED

Appellant raises the following issue for review, as taken from her appellate brief: "Whether the trial court erred in not finding that there existed a genuine issue of material fact as to whether [Appellee] had actual or constructive notice of water on its premises before [Appellant] slipped."

## III. STANDARD OF REVIEW

A party is entitled to summary judgment only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Tenn. R. Civ. P. 56.04. When the party moving for summary judgment does not bear the burden of proof at trial, it "may satisfy its burden of production either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). When a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party may not rest on the allegations or denials in its pleadings. *Id.* at 265. Instead, the non-moving party must respond with specific facts showing that there is a genuine issue of material fact to be resolved at trial. *Id.* A fact is material "if it must be decided in order to

---

[4] The expert's affidavit asserted that it was his expert opinion, inter alia, that the mat was in fact water-logged and should have been replaced.

resolve the substantive claim or defense at which the motion is directed." ***Byrd v. Hall***, 847 S.W.2d 208, 215 (Tenn. 1993) (citations omitted), *holding modified by **Hannan v. Alltel Publ'g Co.***, 270 S.W.3d 1 (Tenn. 2008), *holding modified by **Rye***, 477 S.W.3d 235. A "genuine issue" exists if "a reasonable jury could legitimately resolve that fact in favor of one side or the other." ***Id.*** "Summary [j]udgment is only appropriate when the facts and the legal conclusions drawn from the facts reasonably permit only one conclusion." ***Brooks Cotton Co. v. Williams***, 381 S.W.3d 414, 418–19 (Tenn. Ct. App. 2012) (alteration in original) (quoting ***Landry v. S. Cumberland Amoco***, No. E2009-01354-COA-R3-CV, 2010 WL 845390, at *3 (Tenn. Ct. App. March 10, 2010)).

We review the trial court's grant of summary judgment de novo, with no presumption of correctness. ***Rye***, 477 S.W.3d at 250 (citing ***Bain v. Wells***, 936 S.W.2d 618, 622 (Tenn. 1997); ***Abshure v. Methodist Healthcare-Memphis Hosp.***, 325 S.W.3d 98, 103 (Tenn. 2010)). As part of our review, we must "take the strongest legitimate view of the evidence in favor of the nonmoving party, allow all reasonable inferences in favor of that party, and discard all countervailing evidence." ***Byrd***, 847 S.W.2d at 211.

## IV. ANALYSIS

Although Appellant raises only a single issue in this appeal, her argument is divided into three headings. The first and second arguments deal with the trial court's treatment of the surveillance video. In particular, Appellant asserts that the trial court erred in failing to view the full surveillance video as it was relevant evidence. Appellant further asserts that the full video should have been the only video evidence relied upon under the "best evidence rule."

As an initial matter, we note that it is questionable whether Appellant's evidentiary arguments were properly raised on appeal. Here, as discussed above, Appellant's designated issue involves only whether the trial court erred in not finding genuine issues of material fact as to the question of actual or constructive notice. No evidentiary questions are designated as issues. "We consider an issue waived where it is argued in the brief but not designated as an issue." ***Childress v. Union Realty Co.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). In another case, we have held that an appellant waived consideration of evidentiary issues based on the following designated issue: "[w]hether the trial court erred in granting Defendants' Motion for Summary Judgment and related evidentiary rulings." ***Cartwright v. Jackson Cap. Partners, Ltd. P'ship***, 478 S.W.3d 596, 615 (Tenn. Ct. App. 2015) (holding that the vague issue regarding "evidentiary issues" was not sufficient to raise the alleged evidentiary errors on appeal). Of course, the issue in this case provides far less notice that evidentiary rulings are at issue, as none are mentioned.

Regardless, Appellant's argument as to the applicability of the "best evidence rule" fails because Appellant has not shown that she made a contemporaneous objection to the excerpted video on this basis in the trial court. In this case, no transcript or statement of the

evidence exists from the hearing on the motion for summary judgment. *Cf.* **State v. Banks**, 271 S.W.3d 90, 169–70 (Tenn. 2008) ("It is the burden of the Appellant to prepare a full and complete record for appellate review." (citing Tenn. R. App. P. 24(b)). Although Appellant asserted, in her motion to alter or amend, that she did object to the consideration of the excerpted video at the summary judgment hearing, the only challenge discussed in this motion was the false claim that the excerpted video was not submitted as proof in support of the motion for summary judgment.[5] So then, it does not appear that Appellant made a best evidence objection in the trial court. Any argument that only the full video should have been considered under that rule is therefore waived. *See* **State v. Norwood**, No. E2004-00361-CCA-R3-CD, 2005 WL 35245, at *5 (Tenn. Crim. App. Jan. 7, 2005) ("We cannot conclude from this exchange that the defendant made a 'best evidence' objection, as she has on appeal. . . . Accordingly, we conclude that no contemporaneous objection was made, thus waiving the claim." (citing Tenn. R. App. P. 36(a), Advisory Commission Cmts. ("The last sentence of this rule is a statement of the accepted principle that a party is not entitled to relief if the party invited error, waived an error, or failed to take whatever steps were reasonably available to cure an error."))).

Still, Appellant asserts that even if the excerpted surveillance footage was properly considered by the trial court, it was an error for the trial court not to view the full seventy-eight-minute surveillance footage that had been submitted by the parties. According to Appellant, a "technical glitch" is insufficient to excuse the failure to consider all relevant evidence.

Although Appellant frames this issue as a matter involving the exclusion of relevant evidence, that is not what actually occurred here. Instead, the trial court informed the parties that due to technical issues, it could not view the unedited video prior to hearing. Appellant does not appear to deny that there were technical issues that prevented the trial court from viewing the original video prior to the hearing on the motion for summary judgment.

In the context of summary judgment, if the party without the burden of proof makes a properly-supported motion for summary judgment, the burden of production shifts and the non-moving party must come forward with specific evidence showing that there is a genuine dispute of fact. *See* **Rye**, 477 S.W.3d at 265. It is obvious that a non-moving party does not meet this burden when he or she relies on evidence in a format that the trial court cannot access.

Moreover, the record reflects that the trial court informed the parties that it had not watched the full video and provided Appellant with an opportunity to play the unedited

---

[5] In her brief, Appellant appears to concede that Appellee "submitted [the edited copy of the surveillance video] as evidence" in the trial court.

version of the tape; Appellant declined the trial court's invitation.[6] Rule 36(a) of the Tennessee Rules of Appellate Procedure provides that "[n]othing in this rule shall be construed as requiring relief be granted to a party responsible for an error or who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error." This means that "we generally only correct prejudicial errors that were not the result of a parties' own mistake." ***Richardson v. Richardson***, No. M2020-00179-COA-R3-CV, 2021 WL 4240831, at *16 (Tenn. Ct. App. Sept. 17, 2021) (citing Tenn. R. App. P. 36). And it often comes into play when the trial court offers some curative action that the aggrieved party declines. *See, e.g.*, ***State v. Hickman***, No. E2021-00662-CCA-R3-CD, 2022 WL 13693116, at *25 (Tenn. Crim. App. Oct. 24, 2022) (holding that a defendant was not entitled to relief when the trial court made an error in overruling an objection, but the defendant did not ask for a mistrial and declined the trial court's offer of a curative instruction), *perm. app. denied* (Tenn. Mar. 8, 2023); ***State v. Brown***, No. W2018-02128-CCA-R3-CD, 2020 WL 6256868, at *7 (Tenn. Crim. App. Oct. 23, 2020) (holding that an issue was waived where the defendant declined the trial court's offer to order an officer to return to court).

Here, the trial court gave Appellant the opportunity to play any or all of the surveillance footage that she deemed relevant to the summary judgment question. Appellant did not take this opportunity to play the full video, nor does the record reflect that she sought a continuance in order to provide the court with a viewable copy of the full surveillance footage.[7] Because Appellant failed to take the corrective actions available to her before summary judgment was granted, she is not entitled to relief on appeal.[8]

We therefore turn to Appellant's last argument: whether Appellee "had actual and constructive notice of the rain-soaked rug." In this section of Appellant's brief, she cites the law surrounding premises liability, with a focus on the question of actual or constructive notice. Appellant then cites several facts that she asserts establish that Appellee "had actual and/or constructive notice that customers walked across the rug and tracked water on its floor." Appellant then poses the following rhetorical questions that she asserts indicate

---

[6] Because no transcript or statement of the evidence exists as to this hearing, we conclusively presume that the trial court's findings as to what occurred at this hearing are correct. *See **In re M.L.D.***, 182 S.W.3d 890, 894 (Tenn. Ct. App. 2005). Moreover, Appellant concedes in her reply brief that the trial court informed the parties "that he had a 'technical glitch' and did not have a chance to review the video evidence before hearing oral argument."

[7] Moreover, while Appellant's brief on appeal cites specific portions of the surveillance footage that were omitted from the excerpted video and argues that they "evidenc[e] [Appellee's actual knowledge of the rain-soaked rug[,]" Appellant's response to the motion for summary judgment does not actually reference the full video in its argument, but only "screen shots" of the video footage. There is no suggestion that the trial court did not consider these screen shots before granting Appellee's motion for summary judgment. And, as discussed *infra*, the trial court's ruling did not rest on the question of notice.

[8] Appellant did attempt to correct the issue by filing a motion to alter or amend the trial court's judgment. Appellant does not, however, appeal the trial court's denial of that motion in this appeal. As such, that ruling is not before this Court.

material facts in dispute:

1. Whether the defendant had actual notice of the water-logged rug?
2. Whether the defendant had constructive notice of the water-logged rug?
3. Whether the defendant was negligent in not replacing the water-logged rug with a dry one?

Respectfully, Appellant's argument is not at all responsive to the trial court's ruling in this case. Here, Appellee's motion for summary judgment included several grounds for dismissal, including that there was no dangerous condition, that Appellee did not have notice of a dangerous condition, and that Appellee did not breach the standard of care. But the trial court's order granting summary judgment to Appellee was not based on a lack of actual or constructive notice; instead, the trial court ruled that Appellant failed to produce evidence that the mat was too wet for use or that Appellee should have changed out the mat. Clearly, this ruling goes to the alleged dangerousness of the mat or Appellee's alleged breach of duty, rather than notice. In fact, notice is not mentioned once in the trial court's order.

We have repeatedly held that an appellant's failure to craft a more-than-skeletal argument that is actually responsive to the trial court's ruling may result in waiver on appeal.[9] *See **McNeill v. Blount Mem'l Hosp. Inc.***, No. E2022-00209-COA-R3-CV, 2022 WL 16955177, at *7 (Tenn. Ct. App. Nov. 16, 2022) (holding that an argument was subject to waiver when the appellant's "brief contain[ed] no argument that addresse[d] the actual basis for the trial court's grant of summary judgment"); ***Payne v. Bradley***, No. M2019-01453-COA-R3-CV, 2021 WL 754860, at *7–8 (Tenn. Ct. App. Feb. 26, 2021) (holding that the appellant's argument was waived where appellant provided "only a skeletal argument actually addressing the very foundation of the trial court's ruling against her"

---

[9] In her reply brief, Appellant does state as follows:

As admitted by the Appellee, "the only evidence offered to demonstrate a dangerous condition was the wet footprints tracked in by customers, who were observed by the former store manager to be caused primarily by customers who failed to wipe their feet before stepping off [Appellee's] mat."

Exactly.

Whether or not wet footprints tracked in by customers after they walked across a waterlogged mat caused a defective condition on its premises, is a genuine issue of material fact and it should be decided by a jury. Those wet footprints evidenced a waterlogged mat that should have been replaced with a dry mat.

(Record citation omitted). However, reply briefs are not generally a vehicle to correct deficiencies in initial briefs. ***Augustin v. Bradley Cnty. Sheriff's Off.***, 598 S.W.3d 220, 227 (Tenn. Ct. App. 2019). And Appellant cites no caselaw in support of this argument in her reply brief. *See* Tenn. R. App. P. 27(a)(7)(A) (requiring the appellant's argument to be supported by citations to authorities).

and therefore had "not properly appealed the dispositive issue in this appeal"); ***Augustin***, 598 S.W.3d at 226–27 ("Appellant's initial brief contains no properly supported argument responsive to the trial court's dispositive ruling in this case. This failure would generally result in a waiver on appeal."). Because Appellant has failed to address the actual basis of the trial court's ruling, her argument on appeal is likewise subject to waiver.[10] We therefore affirm the decision of the trial court to grant summary judgment to Appellee.[11]

## IV. CONCLUSION

The judgment of the Hamilton County Circuit Court is affirmed, and this cause is remanded to the trial court for all further proceedings as may be necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Chaquana P. Williams, for which execution may issue if necessary.

S/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[10] We further note that a series of rhetorical questions, without more, does not constitute appropriate argument. *See **Skytop Meadow Cmty. Ass'n v. Paige***, 177 A.3d 377, 384 (Pa. Commw. Ct. 2017) (holding that an argument was waived when the party's brief "pose[d] a litany of rhetorical and hypothetical questions, along with undeveloped arguments that invite this Court to rule in their favor"). Arguments cannot be asserted on appeal "in perfunctory fashion, without substance, support, or explanation." ***State v. Bargo***, No. E1999-00156-CCA-R3-CD, 2000 WL 1586466, at *4 (Tenn. Crim. App. Oct. 25, 2000).

[11] Because Appellant has waived consideration of the ultimate issue of whether summary judgment was proper in this case, even if this Court were to assume, arguendo, that the trial court erred in not considering the full surveillance video, it appears that this purported error would be harmless. *See **In re Est. of Smallman***, 398 S.W.3d 134, 152 (Tenn. 2013) ("Errors in the admission of evidence are harmful and call for reversal when[,] considering the whole record, error involving a substantial right more probably than not affected the judgment or would result in prejudice to the judicial process." (internal quotation marks and citation omitted)).