IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 12, 2019 Session

## DEBRA LOVELACE ET AL. v. BAPTIST MEMORIAL HOSPITAL-MEMPHIS

**Appeal from the Circuit Court for Shelby County**
**No. CT-002460-15      Rhynette N. Hurd, Judge**

———————————————————

### No. W2019-00453-COA-R3-CV

———————————————————

Plaintiff filed a health care liability action against Defendant hospital following the death of Plaintiff's husband in 2014. The trial court granted summary judgment to the hospital on two alternative, independent grounds: that the Plaintiff's expert witness, a registered nurse, was not competent to testify as an expert witness, and that the expert witness failed to provide causation testimony as required to prove liability. Plaintiff appealed the trial court's ruling about the competency of her expert witness, but she failed to raise the failure to provide causation testimony as an issue on appeal. As no argument was made to challenge a distinct ground for summary judgment, we consider the argument waived and affirm the trial court's order granting summary judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and KENNY ARMSTRONG, J., joined.

Stephen R. Leffler, Memphis, Tennessee, for the appellant, Debra Lovelace, Next of Kin and Wife of Billy Lovelace.

Jeffrey L. Griffin and Emily Hamm Huseth, Memphis, Tennessee, for the appellee, Baptist Memorial Hospital-Memphis.

## OPINION

### I.    BACKGROUND

This matter is a health care liability action brought under the Tennessee Health Care Liability Act ("THCLA"). Billy Lovelace ("Mr. Lovelace") was admitted to Defendant/Appellee Baptist Memorial Hospital-Memphis ("Baptist") on January 1, 2014,

after several days of fever, coughing, and vomiting. Upon admission to Baptist, Mr. Lovelace was diagnosed with bilateral pneumonia, which was treated with antibiotics, and with influenza, for which Mr. Lovelace declined treatment. Mr. Lovelace was previously diagnosed with multiple myeloma, a form of bone cancer that affected his immune system.

Following his admission to Baptist, Mr. Lovelace was placed in the hospital's intensive care unit, where his condition continued to deteriorate. Mr. Lovelace was unable to turn himself no later than January 9, 2014. Baptist staff did not turn Mr. Lovelace for extended periods of time. By January 17, 2014, Mr. Lovelace developed a pressure ulcer that was eventually described as a deep tissue injury. By January 24, 2014, six additional pressure ulcers were found on Mr. Lovelace's body. Mr. Lovelace was sent to a different medical facility on February 17, 2014. He died on March 10, 2014.

Plaintiff/Appellant Debra Lovelace ("Ms. Lovelace") filed a complaint as the next of kin and wife of Mr. Lovelace against Baptist and Defendant Baptist Memorial Health Care Corporation ("Baptist Memorial Health Care," and together with Baptist, "Defendants") on June 20, 2015. The complaint sought compensatory and punitive damages on the grounds of wrongful death, negligence, medical malpractice, and both intentional and negligent infliction of emotional distress. Attached to the complaint was the affidavit of expert from Brenda W. Moore ("Nurse Moore"), a registered nurse with a doctorate of nursing practice.[1] In her affidavit, Nurse Moore claimed to be competent under state law to express an opinion as an expert witness on the case and believed that a good faith basis existed for the claim to proceed.

In separate answers, Defendants moved for the matter to be dismissed, denied all liability for Ms. Lovelace's claims, and moved to strike all but two of the complaint's factual allegations. In subsequent memoranda of law, Defendants argued that Ms. Lovelace failed to provide the defendants with a sufficient pre-suit notice letter or a HIPPA-compliant authorization to defendants under federal regulations. Ms. Lovelace challenged Defendants' motions and claimed all of her documents were compliant with state and federal requirements. The matter proceeded as Ms. Lovelace substituted her previous lawyers with new counsel in September 2017.

After a status conference in August 2018, Nurse Moore was formally designated as an expert witness in the present case. Her expert witness report was submitted on September 28, 2018, which stated that six of the seven pressure wounds found on Mr. Lovelace were caused because of a lack of position changes while he was a patient at Baptist. Nurse Moore was deposed on October 22, 2018. Following the deposition,

---

[1] While Nurse Moore earned a Doctorate of Nursing Practice, she is not licensed as a nurse practitioner in Tennessee or any other state. According to the record, Nurse Moore is the mother of Ms. Lovelace's former attorney.

Defendants separately moved for summary judgment on November 27, 2018. Baptist Memorial Health Care argued that it was a separate and distinct entity from Baptist and did not provide medical care to Mr. Lovelace before his death.

Baptist argued that hospital officials did not cause Mr. Lovelace's injuries and were not liable under the state's health care liability statutes. Baptist submitted a declaration of its expert, Dr. Aaron Paul Milstone, supporting its summary judgment motion which stated that the treatment that Baptist staff provided to Mr. Lovelace complied with the recognized standard of professional care and that no act or omission by Baptist staff led to Mr. Lovelace's death or caused any skin breakdown or eventual injury. Further, Baptist argued that Nurse Moore did not provide testimony to establish causation and was not qualified to testify as an expert as a registered nurse. Baptist further asserted that Ms. Lovelace failed to timely provide a qualified expert and could not remedy this deficiency before trial.

Ms. Lovelace filed a response in opposition to Defendants' motions for summary judgment, arguing that she presented sufficient evidence of a breach of the standard of case and causation. In particular, Ms. Lovelace disputed that that her husband's pressure sores were unavoidable given his illness at the hospital. Ms. Lovelace cited a portion of Nurse Moore's deposition testimony where Nurse Moore stated that she did not recall seeing documentation that Baptist hospital staff could not turn Mr. Lovelace because of this medical instability. In addition to her disputed facts, Ms. Lovelace also cited several cases from other jurisdictions which supported her argument that Nurse Moore was qualified to serve as an expert witness about the standard of care and causation regarding bedsores. Baptist challenged Ms. Lovelace's assertions in a reply brief.

When the motion for summary judgment was heard on February 1, 2019, the parties stipulated that the claim against Baptist Memorial Health Care be dismissed for procedural reasons. Following arguments from Baptist and Ms. Lovelace, the trial court orally granted the motion for summary judgment for Baptist by stating the following:

> The court is granting the defendant's motion for summary judgment on two bases. One, there's no causation testimony from the only identified expert witness by the date of the – the October date deadline for disclosing an expert.
>
> Furthermore, under [Tennessee Code Annotated section] 63-7-103 and our medical – I always want to say medical malpractice, but healthcare liability statutes, [Nurse] Moore is not competent to testify.
>
> And, therefore, because the defendants have sufficiently presented testimony, in the form of [their expert's] affidavit, that the cause was not the defendant's – the defendant was not the cause of the plaintiff's death,

the plaintiff did have an obligation to put up or shut up, as The Court has put it, to present competent testimony of causation and has failed to do so.

Therefore, there's no genuine issue of material fact for a jury determination in this case, and [the trial court] is granting the defendant's motion for summary judgment.

The trial court thereafter entered a written order granting Baptist's motion for summary judgment on the separate grounds of lack of causation testimony and lack of a competent expert witness. Ms. Lovelace timely filed a notice of appeal.

## II.    DISCUSSION

Ms. Lovelace raises the following issue in her appellate brief: "Whether the trial court committed error by granting the defendants' motion for summary judgment: is a registered nurse qualified to offer an opinion on the causation of pressure ulcers?" In its brief, Baptist asserts that any challenge to the trial court's grant of summary judgment should be waived where Ms. Lovelace challenged only one of the two independent grounds found by the trial court to support summary judgment. After a thorough review of the record and the parties' submissions to this Court, we agree.

As previously discussed, the trial court granted summary judgment to Baptist on two bases. First, that Nurse Moore "offered no testimony as to the cause of Mr. Lovelace's bedsores or other injuries alleged in the Complaint, as required by Tenn. Code Ann. § 29-26-115, and the deadline by which [Ms. Lovelace] was required to designate all expert witnesses she intends to call at trial has passed." Second, the trial court reasoned that under the THCLA, Nurse Moore "is not competent to testify as to the cause of Mr. Lovelace's bedsores or other injuries alleged in the Complaint." Thus, the trial court found that not only was Nurse Moore not qualified to opine as to the cause of Mr. Lovelace's injuries, she simply did not offer testimony as to the cause of Mr. Lovelace's injuries.

Generally, where a trial court provides more than one basis for its ruling, the appellant must appeal all the alternative grounds for the ruling. *See* 5 Am. Jur. 2d *Appellate Review* § 718 ("[W]here a separate and independent ground from the one appealed supports the judgment made below, and is not challenged on appeal, the appellate court must affirm."). Based on this doctrine, this Court has at least twice ruled a party waived its claim of error on appeal by appealing less than all of the grounds upon which the trial court issued its ruling. *See **Hatfield v. Allenbrooke Nursing and Rehabilitation Center, LLC***, No. W2017-00957-COA-R3-CV, 2018 WL 3740565, at *7–8 (Tenn. Ct. App. Aug. 6, 2018), *perm. app. denied* (Tenn. Jan. 17, 2019); ***Duckworth Pathology Group, Inc. v. Regional Medical Center at Memphis***, No. W2012-02607-COA-R3-CV, 2014 WL 1514602, at *10–12 (Tenn. Ct. App. Apr. 17,

- 4 -

2014). In ***Duckworth***, a trial court entered an order which dismissed a complaint on at least four alternative grounds. ***Duckworth***, 2014 WL 1514602 at *11. The plaintiff, as appellant, raised only two of the grounds for dismissal on appeal and failed to mention the alternative grounds for dismissal in its initial brief. *Id.* The defendant, in the posture of appellee, contended that the appellant's failure to raise these alternative grounds led to their waiver and that "it was unnecessary for this Court to consider" the issues that the plaintiff had raised because the plaintiff failed to raise alternative issues that also led to the dismissal of the case. *Id.* While the appellant addressed these alternative issues in its reply brief, this Court declined to consider those issues and found that a reply brief was the incorrect vehicle to raise new issues. *Id.* Thus, we affirmed the trial court's judgment "because [the plaintiff] failed to appeal all of the alternative grounds for dismissal in the trial court's order[.]" *Id.* at *12.

In ***Hatfield***, a trial court entered an order that denied a motion to dismiss for lack of personal jurisdiction on two grounds. ***Hatfield***, 2018 WL 3740565 at *7. In their appellant brief, defendants challenged only one of the two grounds the trial court cited as the basis for its decision. *Id.* Nevertheless, this court held however, that the second unchallenged ground "constitutes an alternative and independent basis for denying a motion to dismiss for lack of personal jurisdiction." *Id.* (citation omitted). While the defendants in ***Hatfield*** were aware of both grounds cited in the trial court's order, they only argued that the trial court erred in ruling on one of the grounds in its appellate brief. *Id.* As in ***Duckworth***, the defendants only addressed the second ground in their reply brief after their failure to raise the issue was brought up by the plaintiffs as appellees. *Id.* "Because the individual defendants . . . failed to challenge one of the alternative grounds for denying the motion to dismiss for lack of personal jurisdiction," the Court of Appeals affirmed the trial court's decision. *Id.* at *8 (footnote omitted).

As an initial matter, we conclude that the trial court's order contains two independent bases for granting summary judgment. One involves the fact that Ms. Lovelace arguably did not provide competent expert proof on causation (referred to hereinafter as the "qualifications ground"). There is no dispute that this is an appropriate basis for the grant of summary judgment in a health care liability action. *See **Mikheil v. Nashville Gen. Hosp. at Meharry***, No. M2014-02301-COA-R3-CV, 2016 WL 373726, at *12 (Tenn. Ct. App. Jan. 29, 2016) (holding that because the plaintiff's expert was excluded, the trial court properly dismissed the health care liability claims on the ground of lack of statutorily-required expert proof as to breach of the standard of care and causation) (citing Tenn. Code Ann. § 29-26-115 (requiring that the plaintiff present competent expert proof to establish the standard of care, breach of the standard of care, and causation in a health care liability action)).

The second basis involves the trial court's conclusion that even if Nurse Moore was competent, her testimony did not include proof as to causation (referred to hereinafter as the "lack of proof ground"). Under the current summary judgment

standard, the party without the burden of proof may seek summary judgment "either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence at the summary judgment stage is insufficient to establish the nonmoving party's claim or defense." *Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015). Once either standard is met, the nonmoving party must then point to specific facts to show that summary judgment is inappropriate. *Id.* "[A]fter adequate time for discovery has been provided, summary judgment should be granted if the nonmoving party's evidence at the summary judgment stage is insufficient to establish the existence of a genuine issue of material fact for trial." *Id.* Here, Baptist filed the declaration of its expert contending that Baptist did not breach the standard of care and that Mr. Lovelace's injuries were not caused by Baptist's alleged negligence. It was therefore Ms. Lovelace's burden to put forth competent evidence, at the summary judgment stage, to support her claim of causation. Without this evidence, summary judgment is appropriate. *See Mikheil*, 2016 WL 373726, at *12. Thus, the trial court's conclusion that Nurse Moore did not submit evidence from its purported expert as to causation constitutes an independent basis for the grant of summary judgment. Consequently, Ms. Lovelace was required to appeal both grounds cited by the trial court, lest her challenge to the trial court's grant of summary judgment be waived. *See Hatfield*, 2018 WL 3740565 at *7–8; *Duckworth*, 2014 WL 1514602 at *11.

Turning to Ms. Lovelace's brief to this Court, we must conclude that she only fairly raised the qualifications ground as an error on appeal. As previously discussed, the issue designated by Ms. Lovelace involves only the qualifications of Nurse Moore to offer a causation opinion. Generally, for issues to be properly raised before this Court, they must be not only argued in the party's appellate brief, but specifically designated as an issue. *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002) ("We consider an issue waived where it is argued in the brief but not designated as an issue"). Even assuming that Ms. Lovelace's issue is broad enough to encompass the additional ground relied on by the trial court, however, we conclude that this issue was not sufficiently argued in Ms. Lovelace's appellate brief.

From our review, the bulk of Ms. Lovelace's argument concerns her contention that the trial court erred in ruling that Nurse Moore was not qualified to serve as an expert witness. However, Ms. Lovelace failed to specifically contend that the trial court erred by ruling that Nurse Moore presented no causation testimony in the case. For example, while both the trial court's oral ruling and written order clearly contain both grounds detailed above, Ms. Lovelace's recitation of the procedural history of the case mentions only the qualifications ground.

This argument fares little better in the argument section of Ms. Lovelace's brief. Although considerable law is cited as to the qualifications ground, the only portion of Ms.

Lovelace's argument that could be construed to concern the lack of proof ground is as follows:

> If the essential element [Baptist] proposes to have negated is the element of causation, the deposition testimony of Nurse Moore eliminates that as a ground for granting summary judgment. She states that the lack of repositioning of the patient led to the creation of seven different pressure sores in a brief period of time. She draws that conclusion from the medical records as opposed to the testimony of a witness to prove the negative proposition that something was not done. But the medical records are all anyone has to piece together what happened in the final days of [Mr.] Lovelace's life.

To the extent that this portion of the brief is construed as raising the lack of proof ground, however, it is inadequate.

"It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Prof'l Responsibility of Supreme Court*, 301 S.W.3d 603, 615 (Tenn. 2010). To this end, the Tennessee Rules of Appellate Procedure require that arguments be supported by citation to relevant authority and references to the appellate record wherein the relevant evidence may be found. *See* Tenn. R. App. P. 27(a)(7) (requiring appellant's briefs contain an argument supported by "citations to authorities and appropriate references to the record"); *see also* Tenn. R. Ct. App. 6(a) (requiring that written argument include "[a] statement of each determinative fact relied upon with citation to the record where the evidence of each such fact may be found"). Arguments that do not contain appropriate citations to authority and references to the record may be waived. *See* *Bean v. Bean*, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) ("Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue."). Respectfully, to the extent that Ms. Lovelace's brief can be interpreted as challenging the lack of proof ground, the argument thereon is no more than skeletal. Ms. Lovelace's argument contains no citations to relevant authority, and it fails to cite to the specific portion of the record Ms. Lovelace contends constitutes Nurse Moore's causation proof.

Although we generally do not condone the practice of correcting initial briefs through reply briefs, we note that while waiver was raised by Baptist in its brief, Ms. Lovelace made no effort to correct the deficiencies in her initial brief in a reply brief. *Cf. Shaw v. Gross*, No. W2017-00441-COA-R3-CV, 2018 WL 801536, at *4 (Tenn. Ct. App. Feb. 9, 2018) (considering a party's reply brief to determine whether an issue was raised but noting that deficiencies in initial briefs generally cannot be corrected in reply

briefs). In fact, no reply brief of any kind was filed by Ms. Lovelace. Oral argument provided no further illumination, as counsel for Ms. Lovelace again failed to point to the specific evidence it contends constitutes the causation proof that the trial court found lacking. Under these circumstances, we cannot conclude that Ms. Lovelace sufficiently challenged the lack of proof ground in this appeal.

Based on the foregoing, we conclude that Ms. Lovelace failed to properly challenge one of the two independent bases upon which the trial court granted summary judgment. In the absence of a challenge to both independent grounds, Mr. Lovelace's argument that summary judgment was inappropriate is waived. *See Hatfield*, 2018 WL 3740565 at *7–8; *Duckworth*, 2014 WL 1514602 at *11. Consequently, the trial court's decision on this matter must be affirmed without reaching the substantive merits of the grounds relied upon by the trial court.

### III.    CONCLUSION

The judgment of the Shelby County Circuit Court is affirmed, and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of this appeal are taxed to Appellant Debra Lovelace, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, JUDGE