IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
September 16, 2020 Session

## CAMEO BOBO v. CITY OF JACKSON TENNESSEE

**Appeal from the Circuit Court for Madison County**
**No. C1492    Roy B. Morgan, Jr., Judge**

_____

### No. W2019-01578-COA-R3-CV
_____

Appellant appeals the denial of her motion under Rule 60.02 of the Tennessee Rules of Civil Procedure. Because Appellant's brief fails to comply with Rule 27 of the Tennessee Rules of Appellate Procedure, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, JJ., joined.

Cameo Bobo, Antioch, Tennessee, Pro se.

John Dean Burelson and Matthew Robert Courtner, Jackson, Tennessee, for the appellee, City of Jackson, Tennessee.

## MEMORANDUM OPINION[1]

### BACKGROUND

On April 22, 2014, Plaintiff/Appellant Cameo Bobo filed a complaint seeking

---

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

compensation for the demolition of her family's home against Defendant/Appellee the City of Jackson ("the City"). The City moved for summary judgment based on the expiration of the statute of limitations and sovereign immunity. On January 30, 2015, the trial court granted the City's motion. Ms. Bobo appealed, but the trial court's decision was affirmed. *See* ***Bobo v. City of Jackson***, 511 S.W.3d 14 (Tenn. Ct. App. 2015). Permission to appeal to the Tennessee Supreme Court was denied on April 7, 2016. ***Id.*** at 14.

On April 11, 2019, Ms. Bobo filed a motion under Rule 60.02 of the Tennessee Rules of Civil Procedure. Therein, Ms. Bobo alleged that the prior final judgment should be set aside due to newly discovered evidence of fraud. The City responded to Ms. Bobo's motion on April 22, 2019, arguing that her motion was untimely and that the motion was barred by the law of the case doctrine.

A hearing on Ms. Bobo's motion occurred on July 15, 2019.[2] The trial court eventually denied the motion by order of August 5, 2019, ruling that the motion was not timely filed and that Ms. Bobo presented no evidence of fraud or concealment of fraud. Ms. Bobo thereafter appealed to this Court.

While this appeal was pending, Ms. Bobo filed a motion with this Court seeking that we provide her a copy of a transcript from a trial court hearing. We denied the motion by order of February 24, 2020. On May 8, 2020, Ms. Bobo filed a motion to vacate the February 24, 2020 judgment. We denied Ms. Bobo's motion by order of May 22, 2020, noting that there is no procedure for relief from final judgments in the appellate court and that Ms. Bobo had "not shown that any facts or controlling law have changed since this Court's February 24, 2020 Order." Two days prior to oral argument, on September 14, 2020, Ms. Bobo filed a motion entitled "Motion to Vacate the Court of Appeal's Affirmation of Summary Judgement in Favor of the City of Jackson." Oral argument occurred as scheduled on September 16, 2020.

## DISCUSSION

As an initial matter, we note that Ms. Bobo is proceeding pro se in this appeal, as she did for much of the proceedings in the trial court. We recognize and appreciate Ms. Bobo's right to appear before this Court self-represented. The law is well-settled in Tennessee, however, that pro se litigants must comply with the same standards to which lawyers must adhere. ***Watson v. City of Jackson***, 448 S.W.3d 919, 926 (Tenn. Ct. App. 2014). As explained by this Court:

> Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. The courts should take into account that many pro se

---

[2] Although Ms. Bobo filed her motion pro se, the trial court's order reflects that Ms. Bobo was represented by counsel at this hearing.

litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe.

*Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (internal citations omitted)).

Unfortunately, we cannot proceed with this appeal because Ms. Bobo has failed to substantially comply with the procedural rules applicable in this Court. Specifically, Rule 27 of the Tennessee Rules of Appellate Procedure specifically provides that an appellant's brief "shall contain":

(1) A table of contents, with references to the pages in the brief;
(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;
(3) A jurisdictional statement in cases appealed to the Supreme Court directly from the trial court indicating briefly the jurisdictional grounds for the appeal to the Supreme Court;
(4) A statement of the issues presented for review;
(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;
(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;
(7) An argument, which may be preceded by a summary of argument, setting forth:
(A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and
(B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues).
(8) A short conclusion, stating the precise relief sought.

Respectfully, Ms. Bobo's brief fails to meet many of these requirements. For example, although Ms. Bobo's brief purports to contain a table of contents, it does not actually reference any page numbers where particular sections may be found. This is not altogether surprising, as many of the "contents" listed are not actually to be found in her brief. Indeed,

despite being listed in her table of contents, Ms. Bobo's brief contains no table of authorities, no issues presented for review, and no argument. Ms. Bobo's brief also fails to contain any citations to relevant legal authorities, references to the appellate record, or statement as to the applicable standard of review.

These are more than mere technical violations of Rule 27. *See **Owen v. Long Tire, LLC***, No. W2011-01227-COA-R3-CV, 2011 WL 6777014, at *4 (Tenn. Ct. App. Dec. 22, 2011) ("The requirement of a statement of the issues raised on appeal is no mere technicality."). We are directed only to consider those issues that are properly raised, argued, and supported with relevant authority. *See **Hawkins v. Hart***, 86 S.W.3d 522, 531 (Tenn.Ct.App.2001) ("In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position[.]"); *see also* Tenn. R. App. P. 13(b) ("Review will generally only extend to those issues presented for review."). It is therefore well-settled that an issue is generally waived when it is argued in the body of the brief, but not designated as an issue on appeal. *See, e.g., **State v. Freeman***, 402 S.W.3d 643, 653 (Tenn. Ct. App. Oct. 16, 2012) ("Generally, an issue argued in the body of the brief, but not designated as an issue will be considered waived"); ***Bunch v. Bunch***, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008); ***Childress v. Union Realty Co.***, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002).

Of course, Ms. Bobo not only failed to designate any issues, she also failed to include any argument in her brief. Rather, the only portion of her brief that could possibly be interpreted as argument is her conclusion: "In conclusion, Ms. Bobo's Motion Due to New Found Evidence of Fraud should be affirmed in favor of the plaintiff, Ms. Bobo. Ms. Bobo filed her motion in a timely manner applicable to Tennessee Codes concerning Fraud on the Court Rule 60.02(d)(3)." Other than a conclusory reference to Rule 60.02, however, this "argument" contains no legal support and no citations to the record; even a generous interpretation would deem this "argument" no more than skeletal. This Court has repeatedly held that a party's failure to cite any authority for its argument leads to a waiver of the issue on appeal. *See, e.g., **Forbess v. Forbess***, 370 S.W.3d 347 (Tenn. Ct. App. 2011) ("[W]e cannot overlook Wife's failure to cite any applicable law in her brief[.]"). The same is true when the litigant fails to make specific reference to the appellate record. *See, e.g., **Coleman v. Coleman***, No. W2011-00585-COA-R3-CV, 2015 WL 479830, at *9 (Tenn. Ct. App. Feb. 4, 2015) (quoting ***U.S. v. Dunkel***, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.")); ***Bean v. Bean***, 40 S.W.3d 52, 56 (Tenn. Ct. App. 2000) (holding that it is "not the function of this Court to verify unsupported allegations in a party's brief"). Simply put, "[i]t is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." ***Sneed v. Bd. of Prof'l Responsibility of Supreme Court***, 301 S.W.3d 603, 615 (Tenn. 2010).

We do note that prior to oral argument, Ms. Bobo filed a motion in this case that did

contain an "argument" section purporting to support Ms. Bobo's contentions.[3] This motion was not characterized as a brief. Moreover, it was filed well-beyond the time for filing even reply briefs in this matter. *See generally* Tenn. R. App. 29(a) (governing the time for filing appellant's, appellee's, reply briefs). Even if characterized as a reply brief, however, "a reply brief simply is not a substitute for an initial brief to this Court." ***Adler v. Double Eagle Props. Holdings, LLC***, No. W2014-01080-COA-R3-CV, 2015 WL 1543260, at *6 (Tenn. Ct. App. Apr. 2, 2015) (citing ***Skinner v. Thomas***, No. M2007-01583-COA-R3-CV, 2008 WL 5204268, at *5 n.7 (Tenn. Ct. App. Dec. 11, 2008)). As such, we cannot conclude that this motion is sufficient to meet Ms. Bobo's obligations under Rule 27.[4]

In sum, Ms. Bobo has failed to comply with Rule 27 of the Tennessee Rules of Appellate Procedure in a substantial manner by failing to file a brief that includes any designation of issues, an argument section, a standard of review, citations to the record, citations to legal authority, and a table of authorities. Regardless of Ms. Bobo's pro se status, these deficiencies simply cannot be overlooked. Thus, she has waived any issues she has attempted to raise on appeal.

## CONCLUSION

For the foregoing reasons, Plaintiff/Appellant Cameo Bobo's appeal is dismissed. Costs of this appeal are taxed to the Appellant, for which execution may issue if necessary.

s/ J. Steven Stafford
J. STEVEN STAFFORD, JUDGE

---

[3] The motion was still substantially non-compliant with Rule 27.
[4] We denied Ms. Bobo's motion by separate order entered concurrent with this Opinion.

- 5 -