IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2021 Session

**LARRY E. PARRISH, P.C. v. NANCY J. STRONG**

**Appeal from the Chancery Court for Lincoln County**
**No. 13039     J. B. Cox, Chancellor**

_____

**No. M2020-01145-COA-R3-CV**

_____

This is but the latest appeal in what has been a prolonged course of litigation between the parties. In a prior appeal, this Court ruled in favor of Ms. Strong on all issues raised by the professional corporation and also held, among other things, that an injunction regarding disputed funds in the case should be dissolved. On remand, the trial court accordingly dissolved the injunction and ordered the court's Clerk & Master to pay the disputed fund proceeds to Ms. Strong and her attorneys. The professional corporation now appeals from this decision. We affirm and hold that the funds should be immediately disbursed to Ms. Strong pursuant to the trial court's order. Further, finding the professional corporation's appeal to be frivolous under Tennessee Code Annotated section 27-1-122, we remand the case for a determination of Ms. Strong's damages incurred on appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and KENNY ARMSTRONG, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, Larry E. Parrish, P.C.

Timothy T. Ishii, Nashville, Tennessee, for the appellee, Nancy J. Strong.

**OPINION**

**BACKGROUND AND PROCEDURAL HISTORY**

When this Court adjudicated the most recent appeal between the parties in 2018, we began our overview of the case by parroting back the trial court's words describing the litigation as a "procedural nightmare." *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-COA-R3-CV, 2018 WL 6843402, at *1 (Tenn. Ct. App. Dec. 28, 2018). The

nightmare surrounding the case has continued, with one of the parties even recently having attempted to direct the entry of orders in this litigation by way of a separate mandamus action.[1] In an effort to bring clarity to the issues presently before us, we will—as in the prior 2018 appeal—attempt to summarize the relevant facts "without unnecessarily investigating dusty shadows." *Id.* Moreover, because the background facts are themselves already adequately set forth in our prior opinion, we will only restate them briefly here.

The Appellant in this matter is Larry E. Parrish, P.C. ("LEP"), a professional corporation. *Id.* The Appellee is Nancy Strong ("Ms. Strong"), a former client who entered into a retainer agreement with attorney Larry E. Parrish ("Mr. Parrish") of LEP to pursue a legal malpractice action against Ms. Strong's former trial counsel from a partnership dissolution case. *Id.* As noted below, the present litigation concerns, among other things, a dispute over fund proceeds that resulted from the partnership case.

In 2009, LEP filed suit against Ms. Strong claiming entitlement to certain funds from the partnership case as a result of a contract executed by the parties in 2006. *Id.* at *2. Ms. Strong subsequently filed an answer and a counterclaim. *Id.* Without taxing the length of this Opinion by detailing various proceedings that occurred in both the trial court and this Court thereafter, we simply note that the case was eventually tried before a jury, which determined that LEP had breached the parties' contract. *Id.* Damages were accordingly awarded to Ms. Strong against LEP, although her motions seeking to hold Mr. Parrish personally liable and to pierce the corporate veil of LEP were denied by the trial court. *Id.* at *2-3.

In the appeal that this Court decided in 2018, LEP raised a host of issues. Among other things, LEP contended that Ms. Strong was not a party, which we observed was simply a rehash of "the same argument that this court rejected in [a prior] 2011 appeal." *Id.* at *4. We ultimately found many of LEP's other raised issues to be waived and concluded that none of its asserted grievances justified relief in its favor. *Id.* at *5-8.

Notwithstanding our refusal to countenance LEP's raised contentions, our disposition of this prior appeal did not leave the trial court's actions entirely undisturbed. Indeed, Ms. Strong also raised issues for this Court's review, and we concluded that some of these issues merited relief. One of Ms. Strong's arguments was that the "trial court erred in continuing to enforce [an] injunction staying disbursement of partnership funds despite LEP's failure to file the mandatory surety bond." *Id.* at *8. In addressing this issue, we detailed how LEP had applied for injunctive relief regarding the disputed funds but never posted an injunction bond. *Id.* at *8-9. The funds had been deposited with the court's Clerk & Master by Ms. Strong's appellate counsel from the partnership dissolution case. *Id.* at *9. Whereas Ms. Strong had moved to disburse the held funds after the jury had

---

[1] *See State of Tenn. ex rel. Larry E. Parrish, P.C. v. Cox*, No. M2021-00029-COA-R3-CV (Tenn. Ct. App. Sept. 29, 2021).

entered a verdict in her favor, we observed that the trial court only ordered that an attorney's lien filed by LEP be quashed. *Id.* at *9. Ms. Strong's motion to disburse had been denied in all other respects, and the trial court had declined to require LEP to post a bond. *Id.* Finding error in the trial court's enforcement of an injunction in the absence of a bond, we concluded that the injunction "should be dissolved." *Id.* at *10.

This Court also addressed Ms. Strong's efforts to pierce the corporate veil of LEP and hold Mr. Parrish personally liable. Whereas the trial court had denied Ms. Strong's motions to this end in the present litigation by citing concerns with the case's procedural posture, *id.* at *11, a majority of the appellate panel held that the case should be remanded for a "hearing and determination" on the issue of piercing the corporate veil. *Id.* at *13.

Following this Court's disposition of the appeal, Ms. Strong filed a motion in the trial court requesting an order disbursing all funds held by the court clerk to her counsel. In a memorandum filed in support of her request for relief, Ms. Strong noted that the jury had determined that LEP materially breached the contract it had attempted to rely upon to obtain the disputed funds, and further, she noted that LEP had "exhausted all its procedural options under the Tennessee Rules of Civil Procedure, Tennessee Rules of Appellate Procedure, and has been rejected from appealing this matter to the Tennessee Supreme Court." Observing that this Court had directed the injunction pertaining to the funds to be dissolved, Ms. Strong argued that the funds should be immediately released in their entirety to her as the prevailing party in the cause.

In an order entered on May 28, 2020, the trial court granted Ms. Strong's request for relief. The court ruled that the injunction regarding the funds was "dissolved," and in noting that the "claims of the parties to the money have been resolved," "in favor of Ms. Strong" and "[n]one . . . in favor of the PC," it concluded that the funds therefore "remain Ms. Strong's proceeds." The court reasoned that "[i]t logically follows that dissolution of the injunction, coupled with the decision of the Court of Appeals, mandates that the Clerk & Master turn over the proceeds to Ms. Strong and her counsel for distribution." The trial court observed that LEP's arguments against such relief were in part "bounded upon the theory that the prior orders of the Court are in fact void." Such a theory, the court noted, implicated issues which had already "been addressed ad nauseam." The trial court further explained that had it not erred in leaving the injunction in place, it would have turned the proceeds over to Ms. Strong. As such, it ordered the Clerk & Master to pay the proceeds to Ms. Strong and her attorneys.

Although LEP filed a motion to amend the trial court's May 28, 2020 order, the trial court entered an order denying it, stating in relevant part as follows: "The P.C. has shown this Court no reason relative to the language of this Court's Order that requires its alteration or amendment." This appeal followed.

# DISCUSSION

On appeal, LEP raises a single issue for our review. It asserts that the trial court's jurisdiction was constrained on the remand from our 2018 appellate decision such that the court was unable to enter an order directing that the funds be disbursed to Ms. Strong. Ms. Strong's appellate brief also raises a number of issues for our review, and we will discuss her concerns as necessary herein. Before turning to the heart of the substantive questions at stake and the propriety of the May 28, 2020 order of the trial court which LEP challenges, we must address a couple of preliminary issues.

*Preliminary Concerns*

Initially, we observe that not all claims have been resolved by the trial court in the litigation pending before it. Primarily, the record evidences that there is an outstanding issue as to whether Ms. Strong can pierce the corporate veil, which, as we previously detailed herein, was a necessary subject of the proceedings to be conducted on remand from our prior 2018 appellate opinion.[2] From a technical standpoint, this fact means there is an absence of a final judgment, as fewer than all of the claims, rights, or liabilities of all the parties have been adjudicated. *See In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). This potentially imposes a jurisdictional problem for this Court, as appellate courts typically have jurisdiction over final judgments only. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). In relevant part, Rule 3 of the Tennessee Rules of Appellate Procedure provides that:

> In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of right. *Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable* and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a) (emphasis added).

---

[2] In addition to the fact that the record evidences a lack of a resolution on this issue, we observe that the briefing submitted by Ms. Strong itself indicates that the matter has not been adjudicated. Moreover, at the oral argument of this matter, counsel for LEP confirmed that the issue has yet to be addressed by the trial court.

Although there is technically an absence of a final judgment in the underlying trial litigation, we find good cause in this case to suspend the finality requirements of Rule 3 of the Tennessee Rules of Appellate Procedure, as we are permitted to do pursuant to Rule 2 of the Tennessee Rules of Appellate Procedure. *See Bayberry Assocs.*, 783 S.W.2d at 559 ("Tennessee Rule of Appellate Procedure 2 authorizes the suspension of all but Tenn.Rs.Civ.P. 4, 11 or 12. Therefore, we find no bar to the suspension of Rule 3(a)."); Tenn. R. App. P. 2 ("For good cause, including the interest of expediting decision upon any matter, the Supreme Court, Court of Appeals, or Court of Criminal Appeals may suspend the requirements or provisions of any of these rules in a particular case on motion of a party or on its motion and may order proceedings in accordance with its discretion, except that this rule shall not permit the extension of time for filing a notice of appeal prescribed in Rule 4, an application for permission to appeal to the Supreme Court from the denial of an application for interlocutory appeal by an intermediate appellate court prescribed in Rule 9(c), an application for permission to appeal to the Supreme Court from an intermediate appellate court's denial of an extraordinary appeal prescribed in Rule 10(b), an application for permission to appeal prescribed in Rule 11, or a petition for review prescribed in Rule 12.").

Although such a suspension of the finality requirements involves an exercise of judicial discretion that should be utilized sparingly, *see Levitt, Hamilton, & Rothstein, LLC v. Asfour*, 587 S.W.3d 1, 11 (Tenn. Ct. App. 2019), we have previously found good cause to exist in a number of different scenarios, including in the third appeal of a case with a "tortured history" in which the parties were entitled to "some form of closure," *Ruff v. Raleigh Assembly of God Church, Inc.*, No. W2001-02578-COA-R3-CV, 2003 WL 21729442, at *5 (Tenn. Ct. App. July 14, 2003), and in an appeal where "[t]he issues which have already been adjudicated . . . are unlikely to be pretermitted by future events." *Parker v. Lambert*, 206 S.W.3d 1, 4 (Tenn. Ct. App. 2006).

Here, the case has already spawned multiple appeals, and it is appropriate that the parties receive final resolution of the question pertaining to the funds.[3] Both parties have expressed a strong desire for a conclusive resolution on appeal, albeit obviously with differing conclusions in mind. As LEP accurately states in its reply brief, "both Strong and Appellant PC are turning to this Court with a plea to bring closure."

In addition to the need for some closure on the primary question presented by this appeal, we are of the opinion that the unresolved matter of whether Ms. Strong can pierce LEP's corporate veil has no bearing on our resolution of the current issues. Moreover, as will be discussed later in this Opinion, the parties' rights emanating from the contract between them have already been determined. The outstanding issue merely pertains to whether Mr. Parrish can be liable for damages already awarded—and undisturbed by the

---

[3] This remains especially true in light of past determinations in this matter, a point which is more fully discussed herein.

prior appeal—against LEP. We therefore expressly suspend the finality requirements of Rule 3, finding good reason to do so, and proceed to address the appeal.

A second threshold concern has been presented by the brief submitted by Ms. Strong on appeal, who argues that LEP is "improperly before this Court, having purposely failed to be adjudged indigent at the trial court level and never having filed for such at the appellate court level and without paying the requisite filing fees." She contends that this is "inequitable" and that the matter should be rectified by dismissing the appeal with prejudice or, at the very least, that LEP should be required to tender the requisite fees. According to this Court's internal records, LEP has paid all applicable fees. Thus, we decline Ms. Strong's invitations with respect to this issue and continue on to address the substance of the controversy between the parties.

*The Propriety of the Trial Court's May 28, 2020 Order*

As noted above, the trial court's May 28, 2020 order ruled that the injunction regarding the funds was dissolved, while also directing the Clerk & Master to pay the proceeds to Ms. Strong and her attorneys. LEP takes issue with this latter action and contends that it was beyond the scope of this Court's mandate. Regarding the subject of the funds, its position appears to be that the trial court was permitted to dissolve the injunction but nothing more.[4] In fact, LEP contends the trial court was "jurisdictionless to order the Clerk & Master to disburse anything to anybody."

Initially, we note that a distinction exists between a trial court's authority on remand as opposed to its subject matter jurisdiction. *See Seaton v. Wise Props.-TN, LLC*, No. E2013-01360-COA-R3-CV, 2014 WL 1715068, at * 5 (Tenn. Ct. App. Apr. 30, 2014) (explaining how a trial court regains jurisdiction upon remand but is constrained by this Court's opinion and judgment). As for LEP's more generalized argument about the alleged constraints placed on the trial court, it is no doubt a correct statement of the law that trial courts are bound by the decisions of higher courts. *See Barger v. Brock*, 535 S.W.2d 337, 341 (Tenn. 1976). With that said, the alleged constraints LEP somehow divines from this Court's 2018 decision are without merit. Although a trial court certainly does not have the authority to modify an appellate opinion, *Earls v. Earls*, No. M1999-00035-COA-R3-CV, 2001 WL 504905, at *3 (Tenn. Ct. App. May 14, 2001), it is permissible for it to measure its obedience not only by referring to the mandate itself, but also the larger opinion of the appellate court. As this Court recently noted:

> The appellate court's mandate is not to be read and applied in a vacuum; the appellate court's opinion is part of the mandate and must be used in interpreting the mandate, particularly if a mandate from the appellate court

---

[4] As for the larger scope of the remand proceedings, LEP argues that the only other action permitted outside the dissolution of the injunction was to conduct a hearing on the issue of piercing its corporate veil.

is unclear on remand, or if specific directions are not given by a reviewing court to the trial court on remand. In this way, the court may examine the rationale of an appellate opinion in order to discern the meaning of language in the court's mandate.

*In re Estate of McCants*, No. E2019-01159-COA-R3-CV, 2020 WL 1652572, at *4 (Tenn. Ct. App. Apr. 3, 2020) (quoting 5 Am. Jur. 2d *Appellate Review* § 685). Resorting to the entirety of an appellate opinion is particularly necessary for determining what actions are required when an appellate court remands for "further proceedings consistent with this opinion." *Id.* at *5. Notably, our 2018 opinion in this matter concluded by employing this very language. *Strong*, 2018 WL 6843402, at *13.

As noted before, the trial court explained as follows when concluding that disbursal of the fund proceeds to Ms. Strong was not only permitted by this Court's decision, but also required: "It logically follows that dissolution of the injunction, coupled with the decision of the Court of Appeals, mandates [the disbursal in favor of Ms. Strong]." We agree. Although LEP claimed a right to the funds by dint of its 2006 contract with Ms. Strong, the jury determined that LEP had materially breached the contract and therefore awarded Ms. Strong, not LEP, relief pursuant to it. The resulting judgment was not disturbed by our 2018 appellate resolution, and those matters have now therefore been conclusively decided. Indeed, as the trial court itself observed, "the claims of the parties to the money have been resolved" and "[n]one . . . in favor of the PC." In light of this and our direction that the injunction should be dissolved, the trial court's May 28, 2020 order did not inappropriately stray from the parameters imposed by our prior opinion. In fact, as Ms. Strong has argued, LEP's contention that the trial court could do nothing more than dissolve the injunction borders on the absurd, as continued retention of the funds by the Clerk & Master would have in effect resulted in a continued enforcement of the injunction. Of course, this Court's 2018 opinion was clear that the continued enforcement of the injunction was erroneous. *Id.* at *10 ("We conclude that the trial court erred in enforcing the injunction despite the Corporation's failure to pay the bond.").

Because the trial court's May 28, 2020 order correctly adhered to this Court's prior 2018 opinion, the funds should be immediately disbursed to Ms. Strong consistent with its terms.[5] Further, because we agree with Ms. Strong that the present appeal is frivolous pursuant to Tennessee Code Annotated section 27-1-122, we find it appropriate to award her damages she has incurred on appeal. Indeed, for the reasons discussed herein, we conclude that the present appeal was devoid of merit, *see Young v. Barrow*, 130 S.W.3d 59, 67 (Tenn. Ct. App. 2003) ("A frivolous appeal is one that is devoid of merit."), and we

---

[5] Inexplicably, the trial court stated in ruling on LEP's motion to amend the May 28, 2020 order that the funds should not be disbursed "today," despite its expressed firm conviction that LEP's motion to amend should be denied. Based on our discussion herein, and for the same reasons expressed in the trial court's May 28, 2020 order, the funds belong to Ms. Strong, and there is no reason to withhold their immediate disbursement.

further observe that counsel for LEP has made several representations in pursuit of relief that defy explanation. For instance, at oral argument, counsel for LEP attempted to maintain that LEP was not a party to the 2018 appeal. Moreover, in a footnote in its appellate brief, LEP attempts to cast further doubt on the propriety of this Court's oversight of the 2018 appeal and the impact of that appeal on it, noting that it is "contending in the Sixth Circuit and other appeals that the COA had no appellate jurisdiction." LEP was unquestionably a party to the 2018 appeal, and that appeal left undisturbed a damages award entered against it. Although LEP sought permission to appeal to the Tennessee Supreme Court, its application was denied. *Larry E. Parrish, P.C. v. Strong*, No. M2017-02451-SC-R11-CV (Tenn. July 25, 2019). LEP, it appears, simply wants to ignore determinations that have already been conclusively adjudicated. Given our conclusion that the appeal is frivolous, we hereby remand the case to the trial court for a determination of Ms. Strong's damages pursuant to Tennessee Code Annotated section 27-1-122.[6]

## CONCLUSION

The trial court's conclusion that the funds should be disbursed to Ms. Strong and her attorneys was not in error. The funds should be immediately disbursed to Ms. Strong consistent with the trial court's recognition that the claims of the parties to the funds have effectively been resolved in favor of Ms. Strong. Given our determination that this appeal is frivolous, we hereby remand the case to the trial court for a determination of Ms. Strong's damages pursuant to Tennessee Code Annotated section 27-1-122.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE

---

[6] Given our decision to award Ms. Strong damages on appeal pursuant to Tennessee Code Annotated section 27-1-122, we pretermit consideration of Ms. Strong's argument about a contractual basis for appellate damages, which she expressly invokes in her brief's prayer for relief as relief "[i]n the alternative" to relief under Tennessee Code Annotated section 27-1-122.

We further observe that Ms. Strong's raised issue relating to attorney's fees/damages, her "ISSUE TWO," also requests an award on account of an "injunction dissolution statute," a request which we understand to relate to a desired award from the trial court. At the outset, we note that her brief's included argument pertaining to "ISSUE TWO" contains no argument whatsoever regarding this matter. Moreover, although the subject is mentioned briefly in Ms. Strong's response to LEP's raised issue, the brief does not reflect where the issue was ever raised with the trial court. Typically, "when a party raises an issue in its brief, but fails to address it in the argument section of the brief, we consider the issue to be waived." *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Additionally, "[a]n issue not raised at trial may not be raised for the first time on appeal." *In re Estate of Smallman*, 398 S.W.3d 134, 148 (Tenn. 2013). The matter is accordingly waived.