IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs June 1, 2022

**DONNA ANDERSON v. BRANAN WHITE**

**Appeal from the Chancery Court for Davidson County**
**No. 19-665-I   Patricia Head Moskal, Chancellor**

_____

**No. M2021-00887-COA-R3-CV**

_____

Appellant appeals the trial court's grant of summary judgment in Appellee's favor on a breach of contract claim. Because Appellant's brief is not compliant with Rule 27 of the Tennessee Rules of Appellate Procedure, we dismiss this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

J. STEVEN STAFFORD, P.J., W.S., delivered the opinion of the court, in which FRANK G. CLEMENT, JR., P.J., M.S., and THOMAS R. FRIERSON, II, J., joined.

Donna Anderson, Old Hickory, Tennessee, Pro se.

Benjamin E. Goldammer, Nashville, Tennessee, for the appellee, Branan White.

**MEMORANDUM OPINION[1]**

**I.**

This appeal stems from a dispute over a real estate contract between

_____

[1] Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Plaintiff/Appellant Donna Anderson ("Appellant") and Defendant/Appellee Branan White ("Appellee"). The parties entered into a contract in 2019 for Appellee to purchase Appellant's home, which was connected to an adjoining unit. The contract was contingent on Appellee coming to a written agreement with the adjoining unit's owner to detach the units from each other. Appellee claims that no such agreement was reached, and thus he did not have to buy the house. In contrast, Appellant claims that the adjoining unit's owner agreed multiple times to the detachment of the units.

Appellant sued Appellee for breach of contract on May 29, 2019 in the Davidson County Chancery Court (the "trial court"). Appellee filed a motion for partial summary judgment on May 11, 2020, seeking summary judgment only on any claims by Appellant for "benefit of the bargain" damages and earnest money forfeiture. Appellee then filed a second motion for summary judgment on March 24, 2021, seeking summary judgment on all the claims raised by Appellant. On June 7, 2021, the trial court granted Appellee's second motion for summary judgment. The trial court concluded that its ruling on Appellee's second summary judgment motion rendered the damages issues raised by Appellee in the first motion for partial summary judgment moot. Therefore, the trial court denied the motion for partial summary judgment as moot. The trial court also awarded Appellee $11,882.60 in attorney's fees and expenses.

Appellant appealed.

## II.

Appellant does not explicitly designate any issues on appeal. Appellee raises the following issues, taken from his brief:

> 1. [Appellant] argues that the trial court erred in granting [Appellee's] second motion for summary judgment based on the construction-related contingency in the sale contract. [Appellee] contends that the trial court's ruling was proper.
>
> 2. [Appellee] asserts that the trial court erred in denying his first motion for summary judgment on "benefit of the bargain" damages.

## III.

Unfortunately, our ability to conduct proper appellate review of Appellant's arguments is hindered because Appellant's brief fails to sufficiently comply with Rule 27 of the Tennessee Rules of Appellate Procedure. Rule 27 states, in pertinent part:

> (a) Brief of the Appellant.  The brief of the appellant shall contain under appropriate headings and in the order here indicated:

\* \* \*

(2) A table of authorities, including cases (alphabetically arranged), statutes and other authorities cited, with references to the pages in the brief where they are cited;

\* \* \*

(4) A statement of the issues presented for review;

(5) A statement of the case, indicating briefly the nature of the case, the course of proceedings, and its disposition in the court below;

(6) A statement of facts, setting forth the facts relevant to the issues presented for review with appropriate references to the record;

(7) An argument, which may be preceded by a summary of argument, setting forth:

> (A) the contentions of the appellant with respect to the issues presented, and the reasons therefor, including the reasons why the contentions require appellate relief, with citations to the authorities and appropriate references to the record (which may be quoted verbatim) relied on; and

> (B) for each issue, a concise statement of the applicable standard of review (which may appear in the discussion of the issue or under a separate heading placed before the discussion of the issues)[.]

(8) A short conclusion, stating the precise relief sought.

Tenn. R. App. P. 27(a).

Here, Appellant's brief does not substantially comply with Rule 27, because it contains none of the above requirements. While she describes the nature of the case, including the facts and procedural history, the statement of the case and statement of facts are not separated by "appropriate headings." *See* Tenn. R. App. P. 27(a). There is no table of authorities in her brief, which is not altogether surprising, as she does not cite any legal authority in support of her arguments. Moreover, nowhere in her brief does she cite to the record on appeal. "Courts have routinely held that the failure to make appropriate references to the record and to cite relevant authority in the argument section of the brief as required by Rule 27(a)(7) constitutes a waiver of the issue." ***Bean v. Bean***, 40 S.W.3d 52, 55 (Tenn. Ct. App. 2000) (citations omitted).

Additionally, although the body of Appellant's brief indicates that she is seeking reversal of the trial court's grant of summary judgment and for her to be awarded damages for Appellee's alleged breach of contract, her brief does not specifically designate any issues for appellate review. "[A] properly framed issue may be the most important part of an appellate brief." *Hodge v. Craig*, 382 S.W.3d 325, 335 (Tenn. 2012) (citation omitted). Consequently, an issue is generally waived when it is argued in the body of the brief, but not designated as an issue on appeal. *See, e.g.*, *State v. Freeman*, 402 S.W.3d 643, 653 (Tenn. Ct. App. Oct. 16, 2012) ("Generally, an issue argued in the body of the brief, but not designated as an issue will be considered waived"); *Bunch v. Bunch*, 281 S.W.3d 406, 410 (Tenn. Ct. App. 2008); *Childress v. Union Realty Co.*, 97 S.W.3d 573, 578 (Tenn. Ct. App. 2002). Furthermore, Appellant makes no more than cursory arguments. "In order for an issue to be considered on appeal, a party must, in his brief, develop the theories or contain authority to support the averred position as required by Tennessee Rules of Appellate Procedure 27(a)." *Hawkins v. Hart*, 86 S.W.3d 522, 531 (Tenn. Ct. App. 2001). "It is not the role of the courts, trial or appellate, to research or construct a litigant's case or arguments for him or her, and where a party fails to develop an argument in support of his or her contention or merely constructs a skeletal argument, the issue is waived." *Sneed v. Bd. of Pro. Resp. of Supreme Ct.*, 301 S.W.3d 603, 615 (Tenn. 2010).

We are mindful of the fact that Appellant is proceeding pro se. Nevertheless, "[w]hile entitled to fair and equal treatment before the courts, a pro se litigant is still required to comply with substantive and procedural law as do parties represented by counsel." *Gilliam v. Gilliam*, No. M2007-02507-COA-R3-CV, 2008 WL 4922512, at *3 (Tenn. Ct. App. Nov. 13, 2008) (citing *Hessmer v. Hessmer*, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003)). As explained by this Court, "[t]he courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary." *Jackson v. Lanphere*, No. M2010-01401-COA-R3-CV, 2011 WL 3566978, at *3 (Tenn. Ct. App. Aug. 12, 2011) (quoting *Hessmer*, 138 S.W.3d at 903 (internal citations omitted)). "[T]he courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe." *Hessmer*, 138 S.W.3d at 903.

We have previously held that failure to substantially comply with Rule 27 is grounds for dismissal of an appeal. *See, e.g.*, *Breeden v. Garland*, No. E2020-00629-COA-R3-CV, 2020 WL 6285300, at *1 (Tenn. Ct. App. Oct. 27, 2020) ("The appellant's brief significantly fails to comply with Tennessee Rule of Appellate Procedure 27. Accordingly, we find that any issues on appeal are waived and we dismiss the appeal."); *Thomas v. Bank of Am., N.A.*, No. M2015-01849-COA-R3-CV, 2017 WL 2859813, at *4 (Tenn. Ct. App. July 5, 2017) ("Although we are mindful of Thomas's pro se status and have attempted to give her the benefit of the doubt when possible, we cannot write her brief for her nor can we create arguments or issues for her where her brief fails to contain any coherent argument. Based upon Thomas's failure to comply with Tenn. R. App. P. 27 and R. Tenn.

Ct. App. 6, we conclude that Thomas has waived any issues raised, and the appeal should be dismissed."). Therefore, while we make no determination regarding the merits of Appellant's appeal and acknowledge her attempts to proceed pro se, we simply cannot properly review this appeal given the state of the briefing.

In addition to Appellee's issues asking that the trial court's grant of summary judgment be affirmed, or, in the alternative, that he be granted summary judgment on the basis that Appellant has no claim for "benefit of the bargain" damages, Appellee does seek one form of affirmative relief in his brief: attorney's fees, costs, and expenses incurred on appeal. Unfortunately, he did not designate this request as an issue in this appeal, despite dedicating a section of his brief to it. "[A]n issue may be deemed waived when it is argued in the brief but is not designated as an issue in accordance with Tenn. R. App. P. 27(a)(4)." ***Hodge v. Craig***, 382 S.W.3d 325, 335 (Tenn. 2012) (citations omitted). Because we are dismissing Appellant's appeal for failure to abide by procedural requirements, it is only fair that we hold Appellee to the same standard. Therefore, due to Appellee's failure to designate his request for attorney's fees, costs, and expenses as an issue on appeal, such request is waived.

## V. CONCLUSION

This appeal is dismissed and this cause is remanded to the trial court for all further proceedings as are necessary and consistent with this Opinion. Costs of appeal are taxed to Appellant Donna Anderson, for which execution may issue if necessary.

<u>s/ J. Steven Stafford</u>
J. STEVEN STAFFORD, JUDGE

- 5 -